U.S. DISTRICT COURT – N.D. OF N.Y.
**FILED**
Feb 24 - 2024
John M. Domurad, Clerk

UNITED STATES DISTRICT COURT

Northern District of New York

6th Judicial Division

| | |
|---|---|
| JANE DOE, JOHN DOE, JOHN DOE, JANE DOE<br><br>Plaintiffs<br><br>-against-<br><br>JONATHAN REES aka GREG ELLIS<br>aka JOHNATHAN REES aka JONNY REES<br>aka JACOB LORENZO<br><br>Defendant | Case No. 3:24-cv-274 (MAD/ML) |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION FOR LEAVE FOR PLAINTIFFS TO APPEAR
ANONYMOUSLY**

Plaintiffs Jane Doe et al, pro se, respectfully submits this Memorandum of Law in Support of their Motion for Leave for Plaintiffs to Appear Anonymously in this matter.

**PRELIMINARY STATEMENT**

Plaintiffs bring this action after enduring 15 months of ongoing attacks, including child abuse, child endangerment by the Defendant and his campaign of bullying, death threats, at one point, threats of suicide to reel Plaintiffs back into his life, violence, doxing, extortion, distribution of falsehoods and defamatory statements, along with two exclusive

websites www.aprilchandlerlies.info and www.aprilchandlerfiles.com set up by Defendant to destroy Plaintiffs business, livelihood, relationships, physical, mental, and emotional wellbeing of all four Plaintiffs by naming Plaintiffs on his exclusive websites and sending emails with links to these websites far and wide to Plaintiffs clients, business associates, work colleagues, management team, their friends with the intention to cause harm, damage and chaos for Plaintiffs.

Respectfully, three of the Plaintiffs are minors Jane Doe (13 years), John Doe (15 years), John Doe (17 years) who fear Defendant after Jane Doe (13) experienced grooming and child abuse by Defendant (56), with him climbing into bed with Jane Doe (13) causing anxiety, physical, mental and emotional damage with Defendant continuing to reach out to Jane Doe (13) after mother cut all ties with Defendant, with him asking to build a friendship between the two of them — a minor and a grown man. Their mother Jane Doe, who if disclosed would immediately compromise children's identities allowing Defendant to magnify his abuse of Plaintiffs who have already gone through so much with Defendant who for the last 5 months has increased his abuse and has been contacting their schools to hurt each of them, along with submitting reports to CPS with malicious false information resulting in CPS interviewing Plaintiffs multiple times at school with their school counselors, all deemed unfounded by multiple CPS Officers spanning months. Defendant has also reported Plaintiff to ICE hoping for removal back to Country of origin, and has contacted Plaintiff work colleagues, business associates, and utilizing fake profiles and enablers to expand his abuse and harassment of Plaintiffs further across social media and contacting anyone associated to Plaintiffs, even their minor friends in school with edited videos created from Defendants Ring cameras, including Plaintiffs Sales Agent to terminate distribution deal for Plaintiffs latest film project ruining Plaintiffs reputation, along with disrupting her clients, production crew and distributor.

Importantly, Plaintiff may work in the Entertainment industry behind the camera, however, Plaintiff is an extremely private person with limited information shared about Plaintiffs private lives. Minors deserve privacy

and protections from the court and given Defendants outrageous actions to date, Plaintiff believes these proceedings will aggravate Defendant further increasing his abusive behavior towards each Plaintiff with the very real threat of him using court information to harm Plaintiffs.

Defendant states he's a public figure with access to a large audience, including his sizable social media following of more than 65,000 followers on Twitter (now known as X) and 17,000 followers on Instagram and YouTube channel. Plaintiff has good reason to fear Defendant will publish more stories about them in an effort to profit off of their humiliation. Indeed, after Defendant's ex-wife obtained a restraining order against Defendant, Defendant wrote a book, "The Respondent: Exposing the Cartel of Family Law," and he appeared on a television show and multiple YouTube influencer shows. Furthermore, after Defendant's ex-girlfriend obtained a 3 year restraining order against Defendant for domestic violence he wrote an article about her and sent it out to multiple news outlets and publicists, along with sending out revenge porn to her business associates, friends and family to humiliate her, also threatening to set up an exclusive website about her and a podcast. Given Defendant's abusive actions towards Plaintiffs thus far, they have no reason to believe he would behave any differently in this court matter and will use these proceedings to harass Plaintiffs directly and indirectly via his enablers, fans and followers.

Therefore, Plaintiffs believe it is necessary that they proceed under a pseudonym, "Jane Doe and John Doe" in this action, and that Defendant be prohibited from otherwise publicly identifying Plaintiffs by filing unredacted images, including photographs and videos, of them.

Additionally, while Federal Rule of Civil Procedure 10(a) generally requires parties to expressly identify themselves in their respective pleadings, federal courts have "carved out a limited number of exceptions to the general requirement of disclosure . . . , which permit plaintiffs to proceed anonymously." *Sealed Plaintiff v. Sealed Defendant #1*, 537 F3d 185, 189 (2d Cir. 2008). In *Sealed Plaintiff,* the Second Court of Appeals endorsed the Ninth Circuit's balancing test and held

that "when determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." The Second Circuit elaborated that several non-exhaustive factors should be considered, including:

(1) whether the litigation involves matters that are highly sensitive and of a personal nature, (2) whether identification poses a risk of retaliatory physical or mental harm to the ... party [seeking to proceed anonymously] or even more critically, to innocent non-parties (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity, (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure . . . , (5) whether the suit is challenging the actions of the government or that of private parties, (6) whether the defendant is prejudiced by allowing the plaintiff to present [their] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court, (7) whether the plaintiff's identity has thus far been kept confidential, (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [their] identity, (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities, and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id*. at 190 (internal citations omitted) (internal quotations omitted). Application of these factors to a case rests in the sound discretion of the district court. *See Doe v. Smith*, 1:19-CV-1121 (GLS/DJS), 2019 U.S. Dist. LEXIS 205707, at *3 (N.D.N.Y. Nov. 27, 2019).

Here, nearly all of the relevant factors weigh in favor of granting Plaintiff's request to bring this litigation pseudonymously.

Further dissemination of the websites, along with media and social media exposure, and the public's linking of Plaintiffs names to

Defendant's bad acts, poses the risk of additional harm to minors and reputational and emotional harm to Plaintiffs and is needlessly revictimizing. *See M.A. v. United States Citizen*, 2023 U.S. Dist. LEXIS 123694, at *3-4 (S.D.N.Y. July 18, 2023) (granting plaintiff's motion to proceed anonymously and holding that if plaintiff's identity were revealed it could place him in danger); *see also Smith*, 2019 U.S. Dist. LEXIS 205707, at *4 (finding that cases that risk garnering significant media attention pose a risk of "further reputational harm" to plaintiffs). Here, Defendant engaged in acts of child abuse, violence and extortion, and his goal is to humiliate and harm Plaintiffs and would enjoy the media exposure of abuse and violence embarrassing Plaintiffs ruining their future prospects with no regards to protecting their identity as minors leading to further bullying at their schools due to Defendants actions so far.

Plaintiff's ability to earn money as a filmmaker depends on reputation. Defendant will not be prejudiced if Plaintiff were to appear anonymously. *See Black*, 2023 U.S. Dist. LEXIS at *4; *see also Grace Baptist Church*, 2022 U.S. Dist. LEXIS at *7 (finding defendant would not be prejudiced if plaintiff remained anonymous). The Complaint will be amended and will set forth the factual basis for Plaintiff's claims in great detail, Defendant knows the identity of the Plaintiffs, and Defendant will have no difficulty understanding the allegations, seeking necessary discovery, and defending against Plaintiff's claims.

To date, while Defendant has defamed Plaintiffs widely amongst his and Plaintiff's personal network, and set up two websites, he has not, to Plaintiff's knowledge, published their identities on his social media platforms.

The public's interest in this litigation is not furthered by knowing the identity of Plaintiffs as minors, who are very shy and private. While Defendant is a public figure, and there may be public interest in the litigation, the identity of his accusers, need not be revealed in order for the public to have access to the necessary and pertinent information. In fact, in this case, Defendant being a public figure more strongly supports

the notion that Plaintiffs should be permitted to appear as "Jane Doe and John Doe" Indeed, because of Defendant's public status, this case could draw unwanted and potentially harmful attention to Jane Doe and John Doe. Defendant has a propensity to publish facts about domestic violence cases brought against him and believe he would do the same in regards to the violence and child abuse claims against him.

Plaintiff is not aware of any other mechanism to protect minors and her reputation and confidentiality. *See Smith*, 2019 U.S. Dist. LEXIS 205707, at *6 (seeing no alternative way to protect plaintiff and permitting plaintiff to proceed as "Jane Doe and John Doe").

Here, Plaintiffs should be permitted to prosecute this action under a pseudonym. Further, the parties should be prohibited from publishing any unredacted documents that identify Plaintiff by image because such actions would undermine Plaintiff's ability to proceed anonymously.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully asks that the Court grant their Motion for Leave to Appear Anonymously, order that they be permitted to appear as "Jane Doe and John Doe" respectively, prohibit any party from publishing their private information or images in any Court filings, and any other such relief as this Court deems just and necessary.

Respectfully submitted,

JANE DOE.