UNITED STATES DISTRICT COURT

Northern District of New York

6th Judicial Division

U.S. DISTRICT COURT – N.D. OF N.Y.
FILED
May 13 - 2024
John M. Domurad, Clerk

| | |
|---|---|
| JANE DOE, JOHN DOE, JOHN DOE, JANE DOE | Case No. 3:24-cv-274 (MAD/ML) |
| Plaintiffs | |
| -against- | **MOTION DEFAULT JUDGMENT** |
| JONATHAN REES aka GREG ELLIS aka JOHNATHAN REES aka JONNY REES aka JACOB LORENZO | |
| Defendant | |

### PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff's JANE DOE, JOHN DOE, JOHN DOE AND JANE DOE (herein, "Plaintiffs" move for entry of Default Judgment against JONATHAN REES aka GREG ELLIS, an individual (herein, "Defendant"). Plaintiffs state in support of it's Amended Complaint, ECF 14 and his default having been entered, ECF 21, of its motion as follows;

#### I.     Introduction

Defendant's stalking and harassment campaign involved a calculated patter of tactics designed to terrify and harm Plaintiffs. Defendant directly and anonymously harassed serval women and children spanning years, including Plaintiffs, by posting videos, an exclusive website, and other

posts using Plaintiff's names and contact information all while encouraging enablers to reach out to Plaintiff's business associates, friends, family, landlords, and crew, even encouraging violence and harm against Plaintiffs. Defendant would repeatedly contact Plaintiff's places of employment, business associates, board members, family and friends and others to reveal the websites and derogatory leaflets he created of Plaintiffs. The harassment is so extreme that Plaintiffs had to change phone numbers, close down social media handles, and continue to move from one location to another in fear of their safety. To this day, the websites and social media posts remain online haunting Plaintiffs and as recent as May 6th, 2024, the website ending in .info has been updated after a 3 year OOP was ordered against Defendant to protect Plaintiff's on April 17th, 2024. Plaintiffs were forced to file this civil action after being repeatedly told by Law Enforcement the websites, harassment and stalking are a civil matter.

## II.     Procedural Posture

In this action, Plaintiffs allege that the Defendant has stalked, harassed and harmed them and filed suit for the following causes of action: (i) Harassment; (ii) Stalking/Cyberstalking; (iii) Endangering the Welfare of a Child; (iv) Child Maltreatment; (v) Intentional Infliction of Emotional Distress; (vi) Gender Motivated Violence; (vii) Sexual Harassment, Gender Discrimination and Hostile Work Environment; (viii) Violation of Civil Rights; (ix) Tortious Inference with Contract/Prospective Economic Advantage; (x) Intentional Inference with Prospective Business Relations; (xi) Forced Labor; (xii) Forgery; (xiii) Identity Theft.

Plaintiffs Summons issued on March 6th, 2024, ECF 8 and Amended Complaint filed in this action on March 20th, 2024. ECF 14.

Plaintiffs served Defendant with a summons and a copy of Plaintiff's Amended Complaint pursuant to CPLR Section 308, on April 4th, 2024. See Affidavit of Service entered on April 22nd, 2024, ECF 17. Defendant has failed to appear in this action and no extensions of time have been granted. As a result of Defendant't failure to appear in this action, Defendant is in default.

Accordingly, on or about April 30th, 2024, Plaintiffs filed a request to Enter Default with the Clerk of the Court, ECF 20. On May 1st, 2024, the Clerk of the Court entered a default against Defendant, ECF 21.

Since that time, Defendant has not responded.

Based on Defendant's default, Plaintiffs are entitled to Judgment by Default. Plaintiffs are seeking monetary relief with the matter to be set down for an inquest to assess Plaintiff's damages, with a date to be determined by the Court. Accordingly, Plaintiffs hereby request that the Court enters Judgment against Defendant and in favor of Plaintiffs and in the form of the Final Judgment, lodged concurrently herewith, awarding a permanent injunction in Plaintiff's favor, as prayed for in the Complaint, enjoining Defendant from stalking, harassing or contacting Plaintiffs, as well as enjoining Defendant from engaging in further abuse with websites set up to directly harm Plaintiffs.

### III.     Memorandum of Law

**A.     Plaintiffs' well-pleaded allegations set forth all facts necessary to establish Defendant's liability for all causes of action plead.**

Plaintiffs served Defendant on April 4th, 2024, and Defendant has refused to respond or appear. Defendant, and his various counsel, are aware of and still refuse to participate in this action. Accordingly, the Clerk entered a default against Defendant. FED. R. CIV. P. 55.

On a motion for default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure, the Court accepts as true the facts alleged in the complaint: "[B]y defaulting, the [defendant is] deemed to have 'admit[ted] the plaintiff's well-pleaded allegations of fact' for purposes of liability." Coton v. Televised Visual X-Ography, Inc., 740 F. Supp. 2d 1299, 1307 (M.D. Fla. 2010) (quoting Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987)); Tyco Fire & Sec., LLC v. Alcocer, 218 Fed. App'x 860, 863 (11th Cir. 2007); Shandong Airlines Co. v. CAPT,

LLC, 650 F. Supp. 2d 1202, 1206 (M.D. Fla. 2009) (citing Buchanan). If the admitted facts establish the defaulting defendant's liability, the plaintiff is entitled to relief against that defendant. See Shandong Airlines, 650 F. Supp. 2d at 1206; United States v. Henley, Civ. No. 8:10-2208-T- 24-TGW, 2011 WL 1103894, at *2 (M.D. Fla. Mar. 25, 2011) (citing Tyco Fire). Pursuant to Fed. R. Civ. P. 54(c), the relief awarded "must not differ in kind from, or exceed in amount, what is demanded in the [complaint]." See Rasmussen v. Cent. Fla. Council Boy Scouts of Am., Inc., No. 10-12238, 2011 WL 311680, at *2 (11th Cir. 2011); Magee v. Maesbury Homes, Inc., Civ. No. 6:11-209-Orl-19DAB, 2011 WL 1457173, at *2 (M.D. Fla. Apr. 15, 2011); Enpat, Inc. v. Budnic, Civ. No. 6:11-86-PCF-KRS, 2011 WL 1196420, at *1 (M.D. Fla. Mar. 29, 2011).

Plaintiffs' well-pleaded allegations set forth all facts necessary to establish its rights in the harassment and the stalking, as well as Defendant's liability for all causes of action plead, including (i) Harassment; (ii) Stalking/Cyberstalking; (iii) Endangering the Welfare of a Child; (iv) Child Maltreatment; (v) Intentional Infliction of Emotional Distress; (vi) Gender Motivated Violence; (vii) Sexual Harassment, Gender Discrimination and Hostile Work Environment; (viii) Violation of Civil Rights; (ix) Tortious Inference with Contract/Prospective Economic Advantage; (x) Intentional Inference with Prospective Business Relations; (xi) Forced Labor; (xii) Forgery; (xiii) Identity Theft. Defendant, by failing to answer, has conceded the allegations stated in the Complaint. No dispute as to any material fact exists. Additionally, Plaintiff has received a 3 year Order of Protection against Defendant in a concurrent Family Court case alleging these same facts.

B.   **Plaintiffs are entitled to a permanent injunction.**

Plaintiffs seek a permanent injunction enjoining Defendant from ever again posting or otherwise using the website, personal content, photographs and videos of Plaintiffs and from disclosing Plaintiffs' names publicly or any intimate video footage or photographs Defendant captured of

Plaintiffs unknowingly in bedrooms and bathrooms, while Plaintiff's stayed at his home in Chenango County from November 24th, 2022 to December 6th, 2022, which Defendant tried to use to extort Plaintiffs into silence. A permanent injunction is an appropriate remedy for child abuse victims at default judgment. See *Doe v. Hofstetter*, 2012 WL 2319052 (D. Colo. June 13, 2012). A plaintiff sufficiently demonstrates the need for a permanent injunction by showing: (1) irreparable harm; (2) that monetary damages alone are inadequate; (3) that the balance of hardships favors the plaintiff; and (4) that an injunction would benefit the public interest. eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006). These elements are satisfied here.

### 1. Plaintiff Faces Irreparable Harm.

A permanent injunction is an appropriate remedy when there is a "cognizable danger of a recurrent violation" that goes beyond a "mere possibility." *United States v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953). Defendant's conduct was not only egregious and the source of Plaintiffs' significant and continued suffering, but was maliciously calculated to inflict harm. It is reasonable to anticipate, given his past conduct (including refusing to participate in this Action, and the repeated violations since Plaintiff's received a 3 year Order of Protection against Defendant and his behavior when other victims confronted him in the past) that retaliation from the Defendant is more than a "mere possibility." It is ultimately impossible for Plaintiffs to know that Defendant will not republish or cause-to-be-republished the posts, videos and website in another effort to fulfill his self proclaimed desire to ruin Plaintiffs life without an injunction. The requested injunctive relief is necessary to prevent any further harm to Plaintiffs.

      Additionally, for the same reasons, Defendant should be compelled to provide information related to his tortious actions to prevent further harm to Plaintiffs, including the destruction of all photographs, videos and personal and private content about Plaintiffs in his possession, and the destruction of all communications he has that contain private and personal content on his exclusive website about Plaintiffs, including photographs and videos, or that

mention the Plaintiffs, including internet posts and social media posts. Plaintiffs will continue to suffer emotional harm until they can be ensured that the website, photographs and videos have been destroyed. Otherwise, Plaintiff will fear Defendant's future dissemination and or use of photographs, videos and website content. This injunctive relief constitutes the only means to ensure that the Defendant does not inflict any future harm to Plaintiffs and is therefore a "necessary remedy" that is "proper in scope." *Sharpe v. Cureton*, 319 F.3d 259, 273 (6th Cir. 2003). Thus, injunction is the only remedy available to Plaintiffs to limit future injury. *See id*. A permanent injunction is also an appropriate remedy in default judgment cases.. See *eBay*, 547 U.S. at 391. Plaintiffs properly allege and proved relevant injury. Thus, they are not merely presuming that harm will result, but have illustrated with specific evidence how harm actually is resulting from Defendant's conduct.

    **2.    The Balance of Hardships Favors Plaintiffs.**

Plaintiffs' emotional distress, anxiety, and fear will continue if the injunction is not granted. While the severity of harm for Plaintiffs is great and realistically indefinite, nothing suggests Defendant will suffer any harm if injunctive relief is granted. In fact, quite the opposite. The injunction merely asks Defendant to act like a person should in a civilized society.

    **3.    Injunctive Relief Serves the Public Interest.**

There is a public interest in redressing injuries resulting from malicious torts. Here, an injunction would protect Plaintiffs from severe harm and send a message that Defendant's conduct is intolerable. It would send a message to others that this conduct is intolerable and possibly prevent future harm to other minors, especially girls and women. Without an injunction, Defendant would be rewarded for his conduct and ignoring the judicial process, which would be against the public interest because of its precedential effect.

## IV. Conclusion

Plaintiffs have established that Defendant engaged in an egregious campaign of harassment intended to cause Plaintiffs severe emotional distress and other personal injuries. He intentionally inflicted emotional distress on Plaintiffs, and his conduct amounts to stalking. Since the beginning of this litigation, Defendant has not disputed any of this and, in fact, knowingly ignored the judicial process, violating this Court's rules and the judicial process. For these and the reasons stated herein, this Court should grant Plaintiff's Motion in its entirety and enter a Default Final Judgment of Liability and Injunction against Defendant. Plaintiff includes a proposed Final Judgment.

Respectfully submitted,

Dated: 05/13/2024

*Jane Doe*
_____

Jane Doe

Plaintiff