**CERTIFIED MAIL®**

7020 0640 0001 5486 6861

**CLERK, U.S. DISTRICT COURT**
JAMES T. FOLEY U.S. COURTHOUSE
445 BROADWAY - ROOM 509
ALBANY, NEW YORK 12207-2936

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300



quadient
FIRST-CLASS MAIL
IMI
$008.93
06/26/2024 ZIP 12207

U S POSTAGE



U.S. DISTRICT COURT
JOHN' .. DOMURAD, CLERK
**RECEIVED**
JUL 2 4 2024

3:24-CV-274



Jane Doe
200
Enc

UTF

UNCLAIMED

NL
4/27



NIXIE      146    DE 1          0007/20/24
RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD
BC: 12207294899      *0237-01609-27-47

PLACE STICKER AT TOP OF ENVELOPE TO
OF THE RETURN ADDRESS, FOLD

**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jane Doe
200 Washington Ave
7181
Endicott, NY 13760

9590 9402 8096 2349 7944 74

2. Article Number *(Transfer from service label)*

7020 0640 0001 5486 b

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*          C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JANE DOE, et al.,

                                    Plaintiffs,

        vs.
                                                            3:24-CV-274
                                                            (MAD/ML)

JONATHAN REES,

                                    Defendant.

_____

APPEARANCES:                        OF COUNSEL:

JANE DOE
200 Washington Avenue, 7181
Endicott, New York 13760
Plaintiffs, *pro se*

Mae A. D'Agostino, U.S. District Judge:

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On February 24, 2024, Plaintiff Jane Doe commenced this *pro se* action alleging thirty-two claims on behalf of her minor children Plaintiffs John Doe, II, John Doe III, and Jane Doe IV. *See* Dkt. No. 1. On April 27, 2024, Plaintiff requested that the Clerk of the Court enter a certificate of entry of default. *See* Dkt. No. 18. The Clerk denied the requested default on April 30, 2024. *See* Dkt. No. 19. On April 30, 2024, Plaintiff again requested that the Clerk of the Court enter a certificate of entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.[1] *See* Dkt. No. 20. The Clerk entered the requested default on May 1, 2024. *See* Dkt.

---

[1] Plaintiff requested the Clerk enter default against Defendant "pursuant to Rules of Civil Procedure," which, given Plaintiff's *pro se* status, the Court construes as being pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

1

No. 21. On May 13, 2024, Plaintiff moved for a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Northern District of New York Local Rule 55.2 ("Local Rule"). *See* Dkt. No. 24 at 3; Dkt. No. 24-5 at 1. On May 29, 2024, Magistrate Judge Miroslav Lovric issued an Order determining that Plaintiff "is not able to bring claims *pro se* on behalf [of her minor children] because a nonlawyer parent ordinarily cannot represent a child['s] interests *pro se*." Dkt. No. 26. On May 30, 2024, Plaintiff filed a letter requesting reconsideration of Magistrate Judge Lovric's Order. *See* Dkt. No. 27. On May 31, 2024, Magistrate Judge Lovric denied Plaintiff's letter motion. *See* Dkt. No. 28. Plaintiff now appeals Magistrate Judge Lovric's Order ("Appeal"). *See* Dkt. No. 29. Defendant has not filed a response.

For the reasons which follow, Plaintiff's Appeal is denied.

## II. BACKGROUND

According to the amended Complaint, Plaintiff ended an intimate relationship with Defendant who had harassed, abused, and assaulted her. *See* Dkt. No. 14 at ¶ 1.[2]

Plaintiff alleges that Defendant assaulted her and "physically, mentally, emotionally and finally abused Plaintiff at his home beginning Thanksgiving Day 2020[.]" *Id.* Plaintiff alleges that during her relationship with Defendant he engaged in acts "likely to harm the physical, mental or moral welfare of" her twelve-year-old daughter Jane Doe IV, *id.* at ¶¶ 93, 98, her thirteen and sixteen-year-old sons John Doe II and John Doe III, *id.* at ¶¶ 102, 108, and "with intent to harm, harass, and intimidate" all three of Plaintiff's minor children. *Id.* at ¶¶ 122, 127, 132, 137, 145, 153, 169, 177, 185. Plaintiff's many claims include allegations that Defendant

---

[2] On October 31, 2023, Plaintiff filed a complaint alleging claims on her behalf arising from the same factual background as this matter; she alleged that she ended an intimate relationship with Defendant, who then engaged in a "campaign of extortion," threatening to harm himself if Plaintiff did not respond to his threats. Complaint at ¶¶ 2-5, *Doe v. Rees et al.*, No. 3:23-CV-1352 (N.D.N.Y. Oct. 31, 2023).

"climbed into bed with Jane Doe minor while intoxicated [and] frightening [the] 12 year old Jane Doe," "stroking her hair and pulling Doe into his arms with her head resting on his chest in an intimate embrace," *id.* at ¶ 99, possessed firearms illegally in the home Plaintiff and her minor children visited him in, *see id.* at ¶ 34, got "into an altercation over a loaded firearm" while Plaintiff and her minor children were staying in his home, *id.* at ¶ 82, stalked Plaintiff and harassed her online, *see id.* at ¶¶ 161-63, and endangered Plaintiff's children by authorizing them to hunt beavers while Defendant was inebriated. *See id.* at ¶¶ 34, 95, 104, 110, 140, 147, 155, 172, 179, 187.

In denying Plaintiff's letter motion requesting reconsideration of the Court's May 29, 2024 Order, Magistrate Judge Lovric stated that Plaintiff "has not shown any of the three grounds upon which a district court may justifiably reconsider its previous ruling[.]" Dkt. No. 28. Specifically, Magistrate Judge Lovric noted Plaintiff has not shown "(1) an intervening change in controlling law, (2) new material evidence not able to have previously been discovered, or (3) a demonstrated need to correct clear error of law or to prevent manifest injustice." *Id.* (citing *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995)). Because the Appeal does not cite any change in law or new evidence, Magistrate Judge Lovric noted that it "appears to be based on" a need to "correct a clear error of law or to prevent manifest injustice." *Id.*

### III. DISCUSSION

**A.    Legal Standards**

"Pursuant to Rule 72 of the Federal Rules of Civil Procedure and its enabling statute, the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), determination of the standard of review turns on whether the magistrate's decision is dispositive of a claim or defense of a party." *Sokol Holdings, Inc. v. BMB Munai, Inc.*, No. 05-CV-3749, 2009 WL 3467756, *3 (S.D.N.Y. Oct. 28, 2009).

3

"Both the rule and the statute state that, as to non-dispositive matters, a district court shall reverse a magistrate's order only where it has been shown that the order is 'clearly erroneous or contrary to law.'" *Lyondell-Citgo Ref., L.P. v. Petroleos De Venezuela, S.A.*, No. 02-CV-0795, 2005 WL 883485, *2 (S.D.N.Y. Apr. 14, 2005) (quoting 28 U.S.C. § 636(b)(1)(A) (2002); Fed. R. Civ. P. 72(a)). "If a party objects to a magistrate judge's determination of a dispositive motion, the district court must conduct a *de novo* review." *Chen-Oster v. Goldman, Sachs & Co.*, No. 10-CV-6950, 2016 WL 11645644, *1 n.1 (S.D.N.Y. June 6, 2016) (citing § 636(b)(1)(B-C); Fed. R. Civ. P. 72(b)).

For a non-dispositive matter, "[t]he 'district judge in the case must consider timely objections and modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or contrary to law.'" *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) (quoting Fed. R. Civ. P. 72(a)). An order is "'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "[A]n order is contrary to the law if "it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Utica Mut. Ins. Co. v. Century Indem. Co.*, No. 6:13-CV-995, 2015 WL 3429116, *2 (N.D.N.Y. May 11, 2015) (quoting *Pall Corp. v. Entegris, Inc.*, 655 F. Supp. 2d 169, 172 (E.D.N.Y. 2008)); *accord Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000).

## B.   Analysis

Plaintiff appears to argue that Magistrate Judge Lovric's erred in his analysis because it rested on the "assumption not grounded in fact that an attorney at this stage of our litigation against Defendant will do a [better] job than [Plaintiff] in the best interest of [her] children." Dkt.

4

No. 29 at 2. Plaintiff argues that her "parental rights" are being "questioned" and that "[t]he Court's decision is leaning towards discrimination stating [only] an attorney can represent my children's best interest[.]" *Id.*

Plaintiff's argument in favor of appeal appears to be based on the argument that attorneys would not best represent her children for several reasons, including that the attorney-client privilege would prevent attorneys from representing her children's best interests since she may not be fully informed of the legal strategy, the difficulty of finding representation for claims of child endangerment that do not include allegations of sexual abuse, the financial barriers of obtaining representation, and the challenge of finding an attorney with experience "representing children in sensitive matters" who is not "aggressive in nature" and who has Plaintiff's "level of critical thinking[.]" *Id.* at 2-4. Plaintiff further argues that it is her "right written in Law to represent my children's best interests." *Id.* at 4.

Contrary to Plaintiff's assertions, the Second Circuit has clearly stated that, because the "'statutory right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her *own* cause,'" a non-attorney parent may not bring suit on behalf of their minor child "without representation by counsel." *Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 133 (2d Cir. 2009) (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990)). Plaintiff argues that the Court should overturn Circuit precedent and "amend what [she] believe[s] are errors in the understanding of 28 U.S.C. § 1654 which gives children the choice to litigate *pro se* or by counsel." Dkt. No. 29 at 5 (emphasis added). Plaintiff's letter makes a similar assertion that "28 U.S.C. § 1654 gives children the choice to litigate pro se or by counsel" and "[s]ince the First Judiciary Act in 1789, every person – including a minor – has enjoyed a right to litigate pro se in federal court." Dkt. No. 27 at 2, 16.

5

Neither Plaintiff's letter nor her Appeal include any allegation that Magistrate Judge Lovric made any error in applying Second Circuit precedent. Nor do the letter or Appeal allege there was an intervening change in controlling law or new material evidence. Plaintiff's Appeal therefore rests on the argument that there is a demonstrated need to prevent manifest injustice. *See Delaney*, 899 F. Supp. at 925. The Court agrees with Magistrate Judge Lovric that, based on the record before it, the Court does not perceive a manifest injustice in the application of this rule. *See* Dkt. No. 28. This rule exists to protect legal minors and other vulnerable members of society who are considered "wards of any court called upon to measure and weigh their interests." *Neilson v. Colgate-Palmolive Co.*, 199 F.3d 642, 654 (2d Cir. 1999) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1079 (9th Cir. 1978)).

Regardless of whether Magistrate Judge Lovric's order is dispositive and *de novo* review applies, he correctly determined that Plaintiff cannot proceed representing minors.

Finally, the Court notes that Plaintiff wrote that the timing of Magistrate Judge Lovric's decision "caused some anxiety and uncertainty" as to whether her Appeal would be successful or whether her minor children Plaintiffs John Doe, II, John Doe III, and Jane Doe IV, would need to appear with counsel. Dkt. No. 29 at 4. As Magistrate Judge Lovric granted Plaintiffs an extension until July 12, 2024, Plaintiff's concerns regarding timing are no longer at issue.

## IV. CONCLUSION

Accordingly, after carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

6

**ORDERS** that Plaintiff's Appeal (Dkt. No. 29) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in

accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 25, 2024
      Albany, New York

Mae A. D'Agostino
U.S. District Judge