UNITED STATES DISTRICT COURT

Northern District of New York

6th Judicial Division

|  |  |
|---|---|
| JANE DOE, JOHN DOE<br><br>Plaintiffs<br><br>-against-<br><br><br>JONATHAN REES aka GREG ELLIS<br>aka JOHNATHAN REES aka JONNY REES<br>aka JACOB LORENZO<br><br>Defendant | Case No.3:24-cv-274 (MAD/ML)<br><br><br>**REPLY TO MOTION<br>FOR DEFAULT JUDGMENT** |

<u>**PLAINTIFF'S REPLY TO MOTION FOR DEFAULT JUDGMENT AND**</u>

<u>**INCORPORATED MEMORANDUM OF LAW**</u>

    Plaintiffs JANE DOE, JOHN DOE (herein, "Plaintiffs") moved for entry of Default Judgment against JONATHAN REES aka GREG ELLIS, an individual (herein, "Defendant"). Plaintiffs state in support of it's Amended Complaint, **ECF 14** and his default having been entered, **ECF 21**, with Plaintiffs Reply to Motion for Default Judgment as follows;

### I.    Introduction

Defendant's calculated pattern of tactics designed to harm Plaintiffs has continued through to filing this reply on the 6th January, 2025, almost nine months after Plaintiffs received a three year full stay away Order of Protection ordered by Honorable Judge Young in Broome Family

1

Court, **ECF 24, Exhibit 1,** who ordered Defendant to stop harassing Plaintiffs and for him and third parties to stop posting about Plaintiff and her children on social media and to remove the exclusive websites him and his third party enablers set up to harm Plaintiffs. Defendant doesn't believe the rules apply to him and has willfully ignored Honorable Judge Young's order protecting Plaintiff and her children. Plaintiffs were patient for over four months hoping Defendant would get bored with zero reaction from Jane Doe, with her closing down social media and/or changing social media handles to slow the flow of hateful rhetoric from him and his enablers of abuse, and stop the harassment, ignoring him and his third party enablers, but it didn't stop, and in fact got significantly more aggressive with more detailed information about Plaintiff's minor children and their father, who Defendant claims is a child rapist and what does she care about children, she had them with a child rapist, and other harmful comments in order to cause distress and harm to Plaintiff and her children. Third party enablers and Defendant's burner accounts continue to harass and spread malicious falsehoods about Plaintiff in conversations online that Plaintiff isn't even involved in, and why Plaintiff filed a petition in Broome Family Court for Defendant's violation of the OOP with him ignoring the first three Court appearances spanning four months. As per his typical pattern, he contacted Broome Family Court late December, 2024 with outlandish reasons for not participating, feigning shock that he didn't know about the action against him, with the next Court date scheduled for the 21st January, 2025, which will end up in another hearing scheduled around March/April 2025, almost a year after the OOP was issued against Defendant for Plaintiff and her children. He'll refuse to show up again, the hearing will go on without him, and the cycle will continue with Defendant then filing an appeal, blaming his Attorney for not attending or other nonsensical reasons, content on wasting Court time and money, with zero intention of stopping his abuse, believing he's judgment proof given he's no longer living in NY State. Plaintiff is respectfully requesting Broome Family Court hold Defendant in Contempt of Court for violation of the 3 year OOP. Plaintiff and her family have the right to a peaceful existence, to feel safe, to heal, and for Plaintiff to be allowed to work and provide for her family without interference, but Defendant refuses to stop with his retaliatory

hate campaign against Plaintiff, with him and his third party enablers doxing her name, address, social security number, private information and falsehoods online, which is a direct threat to Plaintiff and her children by Defendant and his friends, who seem to believe that all women are the enemy based on false information disseminated by Defendant, and ramblings towards Plaintiff and other women, which is frightening. It really doesn't take much in 2024/2025 to ignite mentally unstable individuals and encourage them to commit dark horrendous atrocities towards women. Defendant has followers who believe his misogynistic views and lies about Plaintiff, his ex-girlfriend's, his ex-wife… unfortunately, further backed up by Andrew Tate and Vem Miller, who are also anti-women in the same men's group as Defendant.

As of filing this reply, the website ending in .info has been updated multiple times with harmful falsehoods in a retaliatory manner to harass, silence and discredit Plaintiff after she filed police complaints against Defendant for multiple crimes against her and her children, for walking away from him and his film/tv projects after experiencing violence, threats, non-payment for work, and abuse towards her and her children, and because Plaintiff agreed to be a witness against Defendant in a separate civil lawsuit after being subpoenaed on May 13th, 2024 by his ex-girlfriend's Attorney's regarding declarations Defendant submitted to NYSP, Chenango Sheriffs, Norwich Police, and Chenango County Court about her, which Defendant claims came from Plaintiff as a witness on his behalf, stating he was a victim of domestic violence subjected to abuse by his ex-girlfriend and filed fraudulent declarations claiming they were written and signed by Plaintiff, when they were not. Plaintiff wasn't even in the United States during the time period Defendant wrote about in the falsified declarations, but was in fact filming in Africa, Europe and Asia. The date Plaintiff was scheduled to be deposed was cancelled and she hasn't heard from his ex-girlfriend's Attorney's for more than seven months, which Plaintiff assumes means she is no longer needed as a witness against Defendant, but he still continues to file malicious and false documents in his ex-girlfriend's case about Plaintiff, which started as witness intimidation and has rapidly become aggravated harassment directed at Plaintiff.

Based on these fake declarations submitted by Defendant, which are public record, hundreds of women believed Plaintiff was involved in the harassment of his ex-girlfriend, including his ex-girlfriend, when the reality is that Plaintiff was unaware that Defendant had used her name, identity and forged her signature in order to submit declarations full of preposterous lies against his ex-girlfriend to get her charged and a temporary OOP issued against her in Chenango County. Plaintiff has been clear from the outset of her Complaint against Defendant that he used her identity and committed forgery in order to maliciously prosecute his ex-girlfriend, who Plaintiff has never met. Plaintiff has been subjected to hate from feminist groups defending his ex-girlfriend and his ex-wife, who based on belief seem to know the truth about Defendant from their own experiences with him and Court filings in Los Angeles, accusing Plaintiff of harassment and other horrific crimes based on Defendant's bad acts, and for the last 17 months, Plaintiff has been the target of a misogyny men's group retaliating against Plaintiff for stepping forward and telling the truth that Plaintiff didn't write the declarations and for filing reports to Law Enforcement about her own harmful experiences dealing with Defendant. Unfortunately, Defendant's followers who have become enablers of abuse can't be reasoned with, they are scary, reckless and dangerous individuals who believe his lies and falsehoods that Defendant is a victim of crimes, when he is not, he is in fact the perpetrator of crimes against many women and children in a pattern of abuse that spans many years, see Dana Rees Declaration. Defendant isn't just vindictive and violent, he's also extremely charming and persuasive, and can talk any disturbed man into helping him attack his targets, with women his enemy, including Plaintiff.

Defendant also included in filings in his ex-girlfriend's case about Plaintiff what seems to be an edited CPS report ordered by Honorable Judge Young, **EXHIBIT 43.** This CPS report was ordered private and confidential with the Judge not allowing it's dissemination, yet the Defendant has managed to not only get his hands on this confidential report about Plaintiff's minor children, but he also intentionally publicly disseminated this report with zero regards to

the welfare of Plaintiff or her children with a reckless disregard to the impact on them or for Honorable Judge Young's order preventing the dissemination of the report. Plaintiff doesn't even have a copy of this report after her Attorney explained that Judge Young hasn't released it. This report is due to an investigation Judge Young ordered after multiple false reports were filed by Defendant and his enablers to CPS about Plaintiff and her children, and he appointed a Law Guardian to protect them with her children interviewed over and over by multiple CPS Officers at their school with their Counselor present, **EXHIBIT 25**, see Katie Simek affidavit, all deemed unfounded.

Plaintiffs filed this civil action after being repeatedly told by Chenango Sheriffs and other Law Enforcement agencies after multiple reports filed by Plaintiff asking for their help, that the websites, harassment, stalking, forgery et cetera, are a civil matter.

## II. Procedural Posture

To reiterate in support of Motion for Default Judgment, Plaintiffs allege that the Defendant has stalked, harassed and harmed them and filed suit for the following causes of action: (i) Harassment; (ii) Stalking/Cyberstalking; (iii) Endangering the Welfare of a Child; (iv) Child Maltreatment; (v) Intentional Infliction of Emotional Distress; (vi) Gender Motivated Violence; (vii) Sexual Harassment, Gender Discrimination and Hostile Work Environment; (viii) Violation of Civil Rights; (ix) Tortious Inference with Contract/Prospective Economic Advantage; (x) Intentional Inference with Prospective Business Relations; (xi) Forced Labor; (xii) Forgery; (xiii) Identity Theft.

Plaintiffs Summons issued on March 6th, 2024, **ECF 8** and Amended Complaint filed in this action on March 20th, 2024, **ECF 14**.

Plaintiffs served Defendant with a summons and a copy of Plaintiff's Amended Complaint pursuant to CPLR Section 308, on April 4th, 2024. See Affidavit of Service entered on April

22nd, 2024, **ECF 17**. Defendant confirmed receipt of documents with photographs, in his latest filings in his ex-girlfriend's lawsuit against him in a motion claiming he needed to be anonymous due to Plaintiff harassing him for serving him Court documents via a Process Server, which has nothing to do with his ex-girlfriend's case against him. Plaintiff followed Local Rules and mailed the Court documents filed on the docket to Defendant, with him admitting receipt of documents on March 22nd, 2024 in his declaration in his own words filed in a non-party case, 3:23-cv-1352 **ECF 84**.

Plaintiff was concerned about retaliation by Defendant if she served him via a Process Server as per his typical pattern of abuse and why she respectfully requested to serve Defendant via email **ECF 11**, to Defendant and his Attorney's Chris Brown, Esq., and Rick Miller II, Esq. by a Process Server, which was emailed to his Attorney's and Defendant, later denied **ECF 12**.

Defendant has failed to appear in this action and no extensions of time have been granted. As a result of Defendant's failure to appear in this action, Defendant is in default. Accordingly, on or about April 30th, 2024, Plaintiffs filed a request to Enter Default with the Clerk of the Court, **ECF 20**. On May 1st, 2024, the Clerk of the Court entered a default against Defendant, **ECF 21**.

Since that time, Defendant has not responded, some 8 months later.

The Court reset the deadlines ordering Defendant to Respond to Plaintiffs Motion for Default Judgment by January 3rd, 2025, with Reply from Plaintiff by January 10th, 2025.

The Court ordered Plaintiff to serve Defendant notice, which she did via a Process Service Agency to his email address listed with the Court on PACER in another case 3:23-cv-1352 on 12/4/2024 reesjonny@icloud.com and via mail sent by Plaintiff to 251 W. ROSCOE ST. CHICAGO, IL 60618 and to PMB 101, 1770, S.Randall Road, Suite A, Geneva IL. 60134-4646,

**ECF 47**. Defendant confirmed both these addresses in his filings about Plaintiff in a non-party case 3:23-cv-1352, **EXHIBITS 7 and 9.**

Based on Defendant's default, Plaintiffs are entitled to Judgment by Default. Plaintiffs are seeking monetary relief and a permanent injunction against Defendant. Accordingly, Plaintiffs hereby request that the Court enters Judgment against Defendant and in favor of Plaintiffs and in the form of the Final Judgment, lodged with Motion for Default Judgment, awarding a permanent injunction in Plaintiffs favor, as prayed for in the Complaint, enjoining Defendant from stalking, harassing or contacting Plaintiff or her minor children, as well as enjoining Defendant from engaging in further abuse with videos, photos and websites set up to directly harm Plaintiffs.

### III.    Memorandum of Law

**A.    Plaintiffs' well-pleaded allegations set forth all facts necessary to establish Defendant's liability for all causes of action plead.**

Plaintiff's served Defendant on April 4th, 2024, and Defendant has refused to respond or appear. Defendant, and his various counsel, are aware of and still refuse to participate in this action. Accordingly, the Clerk entered a default against Defendant. FED. R. CIV. P. 55.

Due to serving Defendant the Summons, Complaint and other court documents, Defendant retaliated against Plaintiff and filed many police complaints against Plaintiff in various jurisdictions, which are included in multiple filings on the docket in his ex-girlfriend's case against him 3:23-cv-1352, **ECF 37, 78, 82, 84** and **86** claiming Plaintiff is in violation of a temporary OOP his friend Justice Lilley ordered for him, extended as a matter of course without a hearing by Judge Revoir in Chenango County pending the outcome of the criminal case against Plaintiff filed by Defendant.

On a motion for default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure, the Court accepts as true the facts alleged in the complaint: "[B]y defaulting, the [defendant is] deemed to have 'admit[ted] the plaintiff's well-pleaded allegations of fact' for purposes of liability." Coton v. Televised Visual X-Ography, Inc., 740 F. Supp. 2d 1299, 1307 (M.D. Fla. 2010) (quoting Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987)); Tyco Fire & Sec., LLC v. Alcocer, 218 Fed. App'x 860, 863 (11th Cir. 2007); Shandong Airlines Co. v. CAPT, LLC, 650 F. Supp. 2d 1202, 1206 (M.D. Fla. 2009) (citing Buchanan). If the admitted facts establish the defaulting defendant's liability, the plaintiff is entitled to relief against that defendant. See Shandong Airlines, 650 F. Supp. 2d at 1206; United States v. Henley, Civ. No. 8:10-2208-T- 24-TGW, 2011 WL 1103894, at *2 (M.D. Fla. Mar. 25, 2011) (citing Tyco Fire). Pursuant to Fed. R. Civ. P. 54(c), the relief awarded "must not differ in kind from, or exceed in amount, what is demanded in the [complaint]." See Rasmussen v. Cent. Fla. Council Boy Scouts of Am., Inc., No. 10-12238, 2011 WL 311680, at *2 (11th Cir. 2011); Magee v. Maesbury Homes, Inc., Civ. No. 6:11-209-Orl-19DAB, 2011 WL 1457173, at *2 (M.D. Fla. Apr. 15, 2011); Enpat, Inc. v. Budnic, Civ. No. 6:11-86-PCF-KRS, 2011 WL 1196420, at *1 (M.D. Fla. Mar. 29, 2011).

Plaintiffs' well-pleaded allegations set forth all facts necessary to establish its rights in the harassment and the stalking, as well as Defendant's liability for all causes of action plead, including   (i) Harassment; (ii) Stalking/Cyberstalking; (iii) Endangering the Welfare of a Child; (iv) Child Maltreatment; (v) Intentional Infliction of Emotional Distress; (vi) Gender Motivated Violence; (vii) Sexual Harassment, Gender Discrimination and Hostile Work Environment; (viii) Violation of Civil Rights; (ix) Tortious Inference with Contract/Prospective Economic Advantage; (x) Intentional Inference with Prospective Business Relations; (xi) Forced Labor; (xii) Forgery; (xiii) Identity Theft. Defendant, by failing to answer, has conceded the allegations stated in the Complaint. No dispute as to any material fact exists.

Defendant continues to submit documents about Plaintiff in a non-party case, which is also in the NDNY and nothing to do with his ex-girlfriend, while willfully refusing to respond to Plaintiff's complaint against him. Additionally, Plaintiff has received a three year full stay away Order of Protection against Defendant in a concurrent Family Court case after a trial, alleging these same facts.

### B.      Plaintiffs are entitled to a permanent injunction.

Plaintiffs seek a permanent injunction enjoining Defendant from ever again posting or otherwise using the website, personal content, photographs and videos of Plaintiffs and her children from disclosing Plaintiffs' names publicly or any intimate video footage or photographs Defendant captured of Plaintiffs or her minor children unknowingly in bedrooms and bathrooms, while Plaintiffs stayed at his home in Chenango County from November 24th, 2022 to December 6th, 2022, which Defendant tried to use to extort Plaintiff into silence, claiming he had videos and photographic footage of Plaintiff and her children from hidden cameras while showering, using the toilet and changing for bed, and would publicly disseminate these images and videos if she didn't do as he said. A permanent injunction is an appropriate remedy for abuse victims at default judgment. See *Doe v. Hofstetter*, 2012 WL 2319052 (D. Colo. June 13, 2012). A plaintiff sufficiently demonstrates the need for a permanent injunction by showing: (1) irreparable harm; (2) that monetary damages alone are inadequate; (3) that the balance of hardships favors the plaintiff; and (4) that an injunction would benefit the public interest. eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006). These elements are satisfied here.

### IV. Conclusion

Plaintiffs have established that Defendant engaged in an egregious campaign of harassment intended to cause Plaintiffs severe emotional distress and other personal injuries, further evidenced by his filings about Plaintiffs to this Court in a non-party case. He intentionally inflicted emotional distress on Plaintiff and her children, and his conduct amounts to aggravated

harassment and stalking. Since the beginning of this litigation, Defendant has not disputed any of this and, in fact, knowingly ignored the judicial process, violating this Court's rules and the judicial process. For these and the reasons stated herein, this Court should grant Plaintiffs Motion in its entirety and enter a Default Final Judgment of Liability and Injunction against Defendant. Plaintiff included a proposed Final Judgment in her Motion for Default Judgment.

Respectfully submitted,

Dated: 01/06/2025

*Jane Doe*

Jane Doe

Plaintiff