UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JANE DOE and JOHN DOE, II,

                                **Plaintiffs,**

   vs.                                               3:24-cv-00274
                                                                 (MAD/ML)

JONATHAN REES,

                                **Defendant.**
_____

APPEARANCES:                                      OF COUNSEL:

**JANE DOE**
200 Washington Avenue, 7181
Endicott, New York 13760
Plaintiff, *Pro se*

**JOHN DOE, II**
200 Washington Avenue, 7181
Endicott, New York 13760
Plaintiff, *Pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER TO SHOW CAUSE

## I. INTRODUCTION

On February 2, 2024, Plaintiff *pro se* Jane Doe commenced this action, on behalf of herself and her minor children, Plaintiffs John Doe, II, John Doe, III, and Jane Doe, IV, bringing thirty-two claims against Defendant "Jonathan Rees aka Greg Ellis aka Johnathan Rees aka Jonny Rees aka Jacob Lorenzo" ("Defendant"). *See* Dkt. Nos. 1, 14.[1] On April 27, 2024, Plaintiffs requested that the Clerk of the Court enter a certificate of entry of default. *See* Dkt. No. 18. The Clerk denied the requested default on April 30, 2024. *See* Dkt. No. 19. On April 30, 2024,

---

[1] Plaintiffs' amended complaint was filed within twenty-one days of service of the summons and complaint. *See* Dkt. Nos. 13, 14, 17; Fed. R. Civ. P. 15(a)(1).

Plaintiffs again requested that the Clerk of the Court enter a certificate of entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. *See* Dkt. No. 20. The Clerk entered the requested default on May 1, 2024. *See* Dkt. No. 21. On May 13, 2024, Plaintiffs moved for a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Northern District of New York Local Rule 55.2. *See* Dkt. No. 24 at 3; Dkt. No. 24-5 at 1. On May 29, 2024, Magistrate Judge Miroslav Lovric issued an Order determining that "Jane Doe is not able to bring claims *pro se* on behalf [of her minor children] because a nonlawyer parent ordinarily cannot represent a child['s] interests *pro se*." Dkt. No. 26. On May 30, 2024, Plaintiffs filed a letter requesting reconsideration of Magistrate Judge Lovric's Order. *See* Dkt. No. 27. On May 31, 2024, Magistrate Judge Lovric denied Plaintiffs' letter motion. *See* Dkt. No. 28. Plaintiffs appealed Magistrate Judge Lovric's Order, *see* Dkt. No. 29, and this Court denied Plaintiffs' appeal, *see* Dkt. No. 32.

On November 9, 2024, Plaintiffs filed a letter motion, requesting that infant Plaintiffs John Doe, III and Jane Doe, IV be removed because Plaintiffs could not obtain counsel to represent them. *See* Dkt. No. 43. The Court granted Plaintiffs' request and dismissed John Doe, III and Jane Doe, IV from this action. *See* Dkt. No. 44. John Doe, II has, in the time that has elapsed since the commencement of this litigation, turned eighteen years-of-age and, in accordance with this Court's Order, *see id.*, has appeared *pro se* on his own behalf, *see* Dkt. Nos. 43, 44.

As noted, when Defendant failed to answer or otherwise appear, Plaintiffs obtained a Clerk's entry of default. *See* Dkt. No. 21. Currently before the Court is Plaintiffs' unopposed motion for default judgment against Defendant. *See* Dkt. No. 24. However, for the reasons that follow, Plaintiffs' motion is denied and they are ordered to show cause why this action should not be dismissed pursuant to the prior pending action doctrine.

## II. BACKGROUND

As alleged in the amended complaint, Jane Doe ended an intimate relationship with Defendant who had harassed, abused, and assaulted her. *See* Dkt. No. 14 at ¶ 1. Plaintiffs allege that Defendant assaulted Jane Doe and "physically, mentally, emotionally and financially abused [her] at his home beginning Thanksgiving Day 2022[.]" *Id.* Plaintiffs also allege that, during Jane Doe's relationship with Defendant, he engaged in acts "likely to harm the physical, mental or moral welfare of" her twelve-year-old daughter Jane Doe, IV, *id.* at ¶¶ 93, 98, her thirteen and sixteen-year-old sons John Doe, II and John Doe, III, *id.* at ¶¶ 102, 108, and "with intent to harm, harass, and intimidate" all three of the minor children. *Id.* at ¶¶ 122, 127, 132, 137, 145, 153, 169, 177, 185.[2]

Plaintiffs' many claims include allegations that Defendant possessed firearms illegally in the home where Jane Doe and her minor children visited him, *see id.* at ¶ 34, "got into an altercation over a loaded firearm" while Plaintiffs were staying in his home, *id.* at ¶ 82, stalked Jane Doe and harassed her online, *see id.* at ¶¶ 161-63, and endangered Jane Doe's children by encouraging them to hunt beavers while Defendant was inebriated. *See id.* at ¶¶ 34, 95, 104, 110, 140, 147, 155, 172, 179, 187.[3]

Jane Doe and Defendants' relationship was a melange of professional pursuits and romantic rendezvous. *Id.* at ¶¶ 15-19, 23. After Jane Doe ended the relationship, Defendant threatened to "ruin [Jane Doe's] reputation" in the entertainment industry and sent Jane Doe suicidal text messages. *Id.* at ¶¶ 68-69.

---

[2] As noted, John Doe, III and Jane Doe, IV have been terminated from this action, and John Doe, II has reached the age of eighteen and appeared *pro se*. *See, supra* Part I.

[3] Plaintiffs' claims and allegations related to John Doe, III or Jane Doe, IV are terminated and disregarded by virtue of the termination of the minor parties from this action.

As the case currently stands, Plaintiffs Jane Doe and John Doe, II purport to bring thirty-two causes of action, approximately half of which appear to be for alleged criminal conduct. *See id.* at ¶¶ 92-304. Plaintiffs invoke this Court's diversity and federal question jurisdiction. *See id.* at ¶¶ 12-14. Specifically, Plaintiffs bring claims for: (1) "NY Penal Law § 260.10: Endangering the welfare of a child"; (2) "(Stalking/Cyberstalking) 18 U.S.C. § 2261A"; (3) "(Child Maltreatment) New York Code Section 411-428"; (4) (Harassment) NY PENAL LAW 240.26"; (5) "Intentional Infliction of Emotional Distress"; (6) "Violation of the Victims of Gender-Motivated Violence"; (7) "Sexual Harassment, Gender Discrimination, and Hostile Work Environment under New York State Human Rights Law, N.Y. Exec. Law §§ 290, *et seq.* ([']NYSHRL['])"; (8) "Sexual Harassment, Gender Discrimination, and Hostile Work Environment under [NYSHRL]"; (9) "Violation of Civil Rights Law § 52-b"; (10) "Tortious Interference with Contract/Prospective Economic Advantage"; (11) "Intentional Interference with Prospective Business Relations"; (12) "Forced Labor under 18 U.S.C. § 1589, *et seq.*"; (13) "Forgery"; and (14) "Identity Theft." *See id.* at ¶¶ 92-304.[4]

---

[4] The Court notes that many, if not most, of Plaintiffs' claims are incognizable, or, on their face, would be subject to dismissal. For example: (1) twelve of Plaintiffs' thirty-two causes of action are brought pursuant to criminal statutes, but such claims cannot be brought in a civil case, *see Ming v. Brouillete*, No. 6:23-CV-0086, 2023 WL 5779558, *3 (N.D.N.Y. Apr. 7, 2023), *report and recommendation adopted*, 2023 WL 5444485 (N.D.N.Y. Aug. 24, 2023) ("There is no private right of action to enforce state or federal criminal statutes"); (2) there is no private right of action to enforce New York Code Sections 411 through 428, as New York courts do not recognize a private right of action to enforce these provisions, *see Rivera v. Cnty. of Westchester*, 31 Misc. 3d 985, 991 (N.Y. Sup. Ct. 2011) (observing that "in the absence of a statutory provision permitting a private right of action, . . . there is no private right of action for claims made pursuant to title 6 of article 6 of the Social Services Law") (citing *McLean v. City of N.Y.*, 12 N.Y.3d 194, 200-01 (2009)); and (3) claims brought pursuant to Title 10, Chapter 11 of the New York City Administrative Code, entitled the "Victims of Gender-Motivated Violence Protection Law" ("VGMVPL"), must be based on conduct that occurred in New York City, but none of Defendants' alleged conduct occurred there, *see Doe v. Telemundo Network Grp. LLC*, No. 22 CIV. 7665, 2023 WL 6259390, *12 (S.D.N.Y. Sept. 26, 2023) (dismissing VGMVPL claim

(continued...)

On October 31, 2023, months before this action was filed, Jane Doe initiated a separate action in the Northern District of New York alleging claims arising from the same factual background as this matter (hereinafter the "Prior Action"); she alleges that she ended an intimate relationship with Defendant, who then engaged in a "campaign of threats, harassment, exposure, and defamation," threatening to harm himself if Plaintiff did not respond to his tactics. Dkt. No. 64 at ¶¶ 2-5, *Doe v. Rees et al.*, No. 3:23-CV-1352 (N.D.N.Y. Oct. 31, 2023). In the Prior Action, Jane Doe has moved for default judgment on her claims for violation of 15 U.S.C. § 6851, New York Civil Rights Law § 52-b, intentional infliction of emotional distress, defamation, malicious prosecution, and fraudulent transfers. *See* Dkt. No. 74, *Doe v. Rees et al.*, No. 3:23-CV-1352 (N.D.N.Y. Oct. 31, 2023); *id.* at 74-2 at ¶¶ 60-128. Although Plaintiffs proceed *pro se* here, Jane Doe is represented by legal counsel in the Prior Action.

### III. DISCUSSION

**A.    Prior Pending Action Doctrine**

Before addressing Plaintiffs' pending motion, the Court must, *sua sponte*, address the issue of whether this case should be dismissed because the Prior Action arises from the same factual allegations, and asserts many identical claims, against Defendant. *See* Dkt. No. 64, *Doe v. Rees et al.*, No. 3:23-CV-1352 (N.D.N.Y. Oct. 31, 2023).

"[T]he 'prior pending action doctrine' applies to the situation where there are two parallel cases pending in federal court." *Ferrara v. Munro*, 585 B.R. 269, 294 (D. Conn. 2018) (emphasis omitted). The doctrine, sometimes referred to as the "first-filed rule," *Burns v. Cnty. of Nassau*, 337 F. Supp. 3d 210, 213 (E.D.N.Y. 2018), recognizes a district court's "broad discretion to

---

[4](...continued)
because the complaint lacked any allegations connecting the claim to New York City).

dismiss a lawsuit that is duplicative of a prior action" and "arises from the court's power to administer its docket to conserve judicial resources, and to promote the efficient and comprehensive disposition of cases," *Castillo v. Taco Bell of Am., LLC*, 960 F. Supp. 2d 401, 404 (E.D.N.Y. 2013).

In other words, "when a party files a suit related to a previously-pending suit, the Court applies the 'prior pending action doctrine' to determine whether the subsequent action should remain pending, be stayed, or be dismissed." *Sciascia v. Rochdale Vill., Inc.*, 851 F. Supp. 2d 460, 468 (E.D.N.Y. 2012) (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)); *see Edwards v. N. Am. Power and Gas, LLC*, No. 3:14-cv-1714, 2016 WL 3093356, *3 (D. Conn. June 1, 2016) ("Where two pending actions address the same legal claims and conduct, the court may dismiss the second action as long as the controlling issues in the dismissed action will be determined in the other lawsuit") (quotation and internal quotation marks omitted). Courts utilize the prior pending action doctrine to dismiss subsequent suits because "plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis*, 226 F.3d at 138. "When determining whether to apply the first-filed doctrine, 'the court considers whether the lawsuits at issue assert the same rights, and seek relief based upon the same facts. The lawsuits need not be identical, but the claims and rights raised in the two actions must not differ substantially.'" *Burns*, 337 F. Supp. 3d at 213 (quoting *Castillo*, 960 F. Supp. 2d at 404).

District courts have the power to raise the prior pending action doctrine *sua sponte*. *See New Phone Co. v. City of N.Y.*, 498 F.3d 127, 129-30 (2d Cir. 2007). Courts "need not conduct a line by line comparison of [the cases]," but must be satisfied that both actions are based on a

6

"'common nucleus of operative facts'" before dismissing the action filed second-in-time. *Id.* at 130 (quotation omitted).

Here, the similarity of the factual allegations and overlapping claims in the present action and the Prior Action concern the Court. The allegations in both cases relate to incidents that took place during the same time period and the central theme and operative facts of both actions concern the parties' intimate relationship, professional relationship, violent and abusive domestic altercations, and the fallout therefrom (which consisted of threats, harassment, and unwanted contact). *Compare* Dkt. No. 14, *with* Dkt. No. 64, *Doe v. Rees et al.*, No. 3:23-CV-1352 (N.D.N.Y. Oct. 31, 2023). Although one of Jane Doe's sons, John Doe, II is a party in this suit, the presence of a single different party does not bar application of the prior pending action doctrine. *See Burns*, 337 F. Supp. 3d at 214-15 (rejecting the argument that the parties in both actions must be identical). Regardless, it is impossible to ignore the use of the singular term "Plaintiff" throughout the complaint and default judgment motion filings before this Court. The use of the singular "Plaintiff" indicates (perhaps inadvertently) that there is, in reality, but one party pursuing claims against Defendant: Jane Doe. Thus, the Court cannot, at this stage, reach the issue of whether Plaintiffs are entitled to default judgment in this action and Plaintiffs must show cause why the action should not be dismissed pursuant to the prior pending action doctrine.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, Plaintiffs' submissions, and the applicable law, and for the reasons set forth herein, the Court hereby

**ORDERS** that Plaintiffs shall file a memorandum on or before March 21, 2025, not to exceed fifteen pages, showing cause why this action should not be dismissed pursuant to the prior pending action doctrine; and the Court further

**ORDERS** that Plaintiffs' motion for default judgment (Dkt. No. 24) is **DENIED WITH LEAVE TO RENEW** pending the outcome of the order to show cause; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 27, 2025
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge