UNITED STATES DISTRICT COURT

Northern District of New York

6th Judicial Division

| | |
|---|---|
| JANE DOE, JOHN DOE<br><br>Plaintiffs<br><br>-against-<br><br><br>JONATHAN REES aka GREG ELLIS<br>aka JOHNATHAN REES aka JONNY REES<br>aka JACOB LORENZO<br><br>Defendant | Case No. 3:24-cv-274 (MAD/ML)<br><br>**DECLARATION OF<br>JANE DOE** |

**DECLARATION OF JANE DOE IN SUPPORT OF ENTRY FOR DEFAULT**

I, JANE DOE, declare under penalty of perjury that the foregoing is true and correct:

1.  I am the Plaintiff in the above-captioned action and submit this Declaration in support of my motion for Entry of Default against Defendant Jonathan Rees aka Greg Ellis aka Johnathan Rees aka Jonny Rees aka Jacob Lorenzo.

2.  At this time, Defendant has been served via alternative service with the Summons, Second Amended Complaint, Judicial Case Initial Pretrial Conference, Notice and Consent Form to Proceed Before a U.S. Magistrate Judge, and the Civil Cover Sheet.

3.  On belief, Defendant wrote a book called "The Respondent", about the Family Court

1

System and by his own admission, has an advanced in-depth knowledge of the court system, including Summons, Service, and Responding to a Lawsuit action. Defendant has used this knowledge to garner sympathy and leeway in previous Court actions offering his second book "The Silver Bullet", a guide to assist Respondents/Defendants to beat the Court system, which ultimately drags out proceedings deliberately to increase Attorney fees for Plaintiff's, destroying their health and financial stability in the process, and why in part I filed as Pro Se in my Federal Action against Defendant.

4. Defendant shares openly in his books that the rule of Law doesn't apply to him and therefore doesn't abide by set dates ordered by the Court. I have no doubt in a few months after the default judgment has been ordered and I've spent a substantial amount of money and time on this case, Defendant will attempt to get the Default Judgment overturned citing he didn't know about the case and a myriad of other excuses he can muster to play victim with the Court and to drag this case out longer at the detriment to myself, my children, and the Court, when he knows exactly what he's doing. Defendant enjoys playing games in order to abuse further —as entertainment—and generates him additional revenue with Defendant spewing his misogynistic rhetoric online as part of his victimhood campaign.

## Service of Process Rules

5. Pursuant to the Federal Rules of Civil Procedure, a party may serve an individual within a judicial district of the U.S. by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ." Fed. R. Civ. Pro. 4(e).

6. Further, pursuant to the New York Civil Practice Law and Rules:

Personal service upon a person shall be made by any of the following methods:

    1. by delivering the summons within the state to the person to be served; or

    2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served

and either by mailing the summons to the person to be served . . .;

    3. where service under paragraphs 1 and 2 cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence . . . , such affixing and mailing to be effected within 20 days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such affixing or mailing, whichever is effected later; service shall be complete ten days after such filing . . . . N.Y. C.P.L.R. § 308.

### Plaintiff's Personal Service Attempts and Service

### via "Nail and Mail"

7.    Plaintiffs filed their Complaint on February 24, 2024. *See* Pl. Compl. (Entered February 26, 2024), ECF No. 1, with Amended Complaint filed and entered on March 20, 2024, ECF No. 14 and Second Amended Complaint entered on March 24, 2025, ECF No. 56.

8.    Plaintiffs were required to serve Defendant within 60 days of the filing of their Complaint. *See* Gen. Order No. 25 (March 8, 2024), ECF No. 9. New Summons issued March 26, 2025, ECF No. 59.

9.    Defendant Jonathan Rees' primary residential property, is located at 2251 W. ROSCOE ST. CHICAGO, IL 60618 and is his registered address with the DMV for his Illinois Driving License since November 30th, 2023, **EXHIBIT 1.**

10.    Defendant asserted his mailing address as PMB 101, 1770, S. Randall Road, Suite A, Geneva IL. 60134-4646 to Broome Family Court in his response to my Petition, **EXHIBIT 2**.

11.    Plaintiffs via Process Server mailed Summons, Second Amended Complaint, Judicial Case Initial Pretrial Conference, Notice and Consent Form to Proceed Before a U.S. Magistrate Judge, and the Civil Cover Sheet, *See* ECF No. 60, Affidavit of Service, Certificate of Mailing.

12.     Plaintiffs via Process Server emailed Defendant Summons, Second Amended Complaint, Judicial Case Initial Pretrial Conference, Notice and Consent Form to Proceed Before a U.S. Magistrate Judge, and the Civil Cover Sheet. Under Section 2-203.1 of the Illinois Code of Civil Procedure (735 ILCS 5/2-203.1) service by e-mail shall be made by (i) sending an e-mail to the defendant/respondent at his or her current e-mail address; (ii) attaching a copy of the summons, complaint/petition, and any other required documents to the e-mail. Defendant can therefore be served via email. Service sent to email addresses: greg@therespondent.com; greg@monkeytoes.me; reesispositive@gmail.com; jonny@reesispositive.com; thepetitioner@proton.me; reesjonny@icloud.com; gregellistv@mac.com; hello@aliveinstitute.com; alivecoaching@icloud.com; entertwine@proton.me; casatq@icloud.com; casatq@me.com; confidentialjohndoe1@proton.me, ECF No. 60, Affidavit of Service, Certificate of e-mailing.

13.     Plaintiffs via Process Server emailed and mailed Defendant's Attorney's on record who represented Defendant in Plaintiff's Family Court Petition with his Attorney's attending the trial on April 17th, 2024 to: Chris Brown, Esq. chris@chrisbrownlaw.com and Richard Miller II, Esq. rhm2law@gmail.com and to Chris Brown, Esq. Chris Brown Law, 105 Rano Blvd. Vestal, New York, 13850 and Richard Miller II, Esq. Attorney and Counselor at Law, 2304 North Street, Endwell, New York, 13760 and Ricky Andreorio, Esq., who represented Defendant in the Violation of the Order of Protection petition in attendance at Broome Family Court with Defendant on April 16th, 2025 ricky@andreoriolaw.com 3439 Vestal Pkwy E. PMB 383, Vestal, NY 13850, ECF No. 60, Affidavit of Service.

14.     On April 1st, 2025 at 5.30 p.m., April 6th 2025 at 12:24 p.m., April 8th 2025 at 12:50 p.m., and April 9th 2025 6.40 p.m., a process server, who was over the age of 18 and not a party to the action, attempted to serve Defendant with the Summons, Second Amended Complaint, Judicial Case Assignment Form, Joint Civil Case Management Plan Containing Notice of Initial Pretrial Conference, Notice and Consent Form to Proceed Before a U.S. Magistrate Judge, and the Civil Cover Sheet at 2251 W. ROSCOE ST. CHICAGO, IL 60618. The process server was

unable to personally serve the Defendant, or a person of suitable age and discretion during these service attempts. *See* Aff. of Service (entered April 21st, 2025), ECF No. 60.

1. Three attempts at personal service on different dates and at different times constituted diligent efforts to effectuate personal service. *See Gardner v. Lefkowitz*, 737. Fed. Appx. 597, 597 (N.D.N.Y. 2018) (finding plaintiff was permitted to use "nail and mail" service after making three personal service attempts on different dates and times).

2. Because personal service could not be made with due diligence, on April 10th, 2025 at 10.15 a.m., a process server, who was over the age of 18 and not a party to the action, affixed the foregoing documents Summons, Second Amended Complaint, Judicial Case Assignment Form, Joint Civil Case Management Plan Containing Notice of Initial Pretrial Conference, Notice and Consent Form to Proceed Before a U.S. Magistrate Judge, and the Civil Cover Sheet, to the Defendant's door at the entrance of the property: 2251 W. ROSCOE ST. CHICAGO, IL 60618. Plaintiff filed this Affidavit of Service on April 21st 2025, ECF No. 60.

15. On April 17th, 2025, a process server, who was over the age of 18 and not a party to the action, mailed the aforementioned documents to Defendant at 2251 W. ROSCOE ST. CHICAGO, IL 60618 via First Class mail. *See* Aff. of Mailing (April 21st, 2025), ECF No. 60.

16. As an additional layer of due diligence and precaution given the Defendant wrote the book The Respondent on how to avoid service and beat the court system for Respondents/Defendants, on April 18th, 2025 Plaintiff's mailed the aforementioned documents to Defendant to all known addresses via First Class mail, **EXHIBIT 3**, to:

    1) 2251 W. ROSCOE ST. CHICAGO, IL 60618;

    2) 1552 COUNTRY SQUIRE DRIVE, GENEVA, IL 60134;

    3) 101, 1770 S. RANDALL ROAD, SUITE A, GENEVA IL 60134-4646;

    4) 2309 FLORIMOND AVENUE, LONG BEACH, IN 46360;

    5) 522 N CENTRAL AVENUE, #831 SMB#77452, PHOENIX, AZ 85004.

17. Plaintiffs filed Affidavit of Service on April 21st, 2025. *See* ECF No. 60, Summons Returned Executed.

18. Therefore, because Plaintiffs were unable to personally serve Defendant, despite diligent efforts to do so, she was permitted to use "nail and mail" service.

19. Plaintiffs satisfied New York's "nail and mail" requirements under N.Y. C.P.L.R. § 308.

20. As such, within ten days of nailing, documents were mailed on April 17th, 2025 with a backup mailing on April 18th, 2025, filings of the process servers' affidavit of mailing of the documents and affidavit of service by affixing them to the door of Defendant's residence—on April 10th, 2025—service was complete.

21. Defendant never returned the acknowledgement form to Plaintiffs or otherwise acknowledged service of the documents.

## Conclusion

22. I have demonstrated diligent efforts with Defendant knowledgeable of these Court proceedings, with Defendant making a conscious decision not to plead, answer or otherwise defend Plaintiffs action against him. The party against whom it seeks a judgment of affirmative relief is not an infant, in the military, or an incompetent person. I support the request for Entry of Default on Defendant.

Executed on May 9th, 2025.

                                                        */s/ Jane Doe*

                                                        Jane Doe

                                                        Plaintiff

# **EXHIBIT 1**

## **DMV Abstract Jonathan Rees Driving License, Illinois**

```
SUPERVISION                                                    R200-4206-8083-0 AB314
                                                     02 27 25              DDL: Y
PURSUANT TO THE PROVISIONS OF THE ILLINOIS VEHICLE CODE THE FOLLOWING INFORMATION IS FURNISHED FROM THE DRIVERS LICENSE FILE OF THE PERSON IDENTIFIED ABOVE
                                                               R200-4206-8083-0
JONATHAN  REES
2251 W ROSCOE ST                                    CONT LIC DATE | ISSUE DATE | BIRTH DATE
CHICAGO 60618                                         11 30 23   | 11 30 23   | 03 21 68
```

| GENDER | HEIGHT | WEIGHT | HAIR | EYES | D.E. | CDL | TL | CLASS | ENDORS | MC | RESTRICTION | EXPIRATION DATE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| M | 5 11 | 170 | BRN | HZL | | N | 1 | D | | X | NONE | 03 21 28 |

```
TYPE                                                                          STOP IN
ACTION                                                                        EFFECT

    THIS ADDITIONAL SUPERVISION INFORMATION IS BEING
    PROVIDED IN ACCORDANCE WITH SECTION 6-204 OF THE
    ILLINOIS VEHICLE CODE AND IS SUBJECT TO THE
    LIMITATIONS CONTAINED THEREIN.


    NO SUPERVISIONS ON RECORD
    * END OF RECORD *
```



\* This is to certify, to the best of my knowledge and belief, after a careful search of my records, that the information set out herein is a true and accurate copy of the captioned individual's driving record; identified by driver's license number, and I certify that all statutory notices required as a result of any driver control actions taken have been properly given.

SECRETARY OF STATE

(Form DSDASQ - Rev. 8/24/2011)

# EXHIBIT 2

**1. Mailing Address Submitted to Broome Family Court by Jonathan Rees aka Greg Ellis**

**2. Confirmation of Attorney's and their Addresses**



Law Office of Ricky Andreorio

April 11, 2025

Broome County Family Court
65 Hawley Street
Binghamton, NY 13902-1766

Re: ▮▮▮▮ v. Rees
File No.: 47031
Docket#: O-03679-23/24A

Witness Information: Jordon Lilley
428 Collyer Rd.
Town of Smithville
New York, 13778

Dear Judge Gorman,

    I am writing to request permission for the above witness to be appear virtually for the Trial proceedings scheduled on April 16, 2025..

    Thank you for your time and consideration in this matter. If any additional information is required please let me know.

Respectfully yours,

Ricky D. Andreorio, Esq.
3439 Vestal Pkwy E.
PMB 383
Vestal, NY 13850
(917) 399-1704
Ricky@Andreoriolaw.com

9

**EXHIBIT 3**

**Certified Mail Receipts**

