U.S. DISTRICT COURT – N.D. OF N.Y.
**FILED**
**May 12 - 2025**
John M. Domurad, Clerk

UNITED STATES DISTRICT COURT

Northern District of New York

6th Judicial Division

|  |  |  |
|---|---|---|
| JANE DOE, JOHN DOE | ) | |
|  | ) | Case No.3:24-cv-274 (MAD/ML) |
| Plaintiffs | ) | |
| -against- | ) | |
|  | ) | **COMBINED NOTICE, MOTION** |
|  | ) | **AND MEMORANDUM OF LAW** |
|  | ) | **FOR SUBPOENAS** |
| JONATHAN REES aka GREG ELLIS aka JOHNATHAN REES aka JONNY REES aka JACOB LORENZO | ) | |
| Defendant | ) | |

Dear Magistrate Judge Lovric,

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on [_____], at [_____], or as soon thereafter as counsel may be heard, I, Jane Doe, proceeding pro se, will move before the Honorable Judge Lovric at the US District Court in Binghamton for an order granting my motion for subpoenas directed to GoDaddy.com llc, Domains by Proxy, Wordpress/Automattic Inc. NameCheap, and Bodis.

1

## MOTION

Plaintiffs hereby move the Court for an order compelling GoDaddy.com llc, Domains by Proxy, Wordpress/Automattic Inc. NameCheap, and Bodis to produce certified and authenticated copies [CPLR 3120, 3122-A and 4518(c)] of any and all records which identify the owner, operator, content creator or transferor of the domains ending in: lies.com, lies.info and files.com in their possession or control; such documents and records being business records made and kept in the ordinary course of its business and being relevant, material and necessary for the determination of ownership and/or control of the aforementioned web sites and this issue is in controversy within the proceedings; such aforesaid certification or authentication shall be by the company, or by an employee delegated for that purpose.

## MEMORANDUM OF LAW

### I. Introduction

As pro se litigants, Plaintiffs seek the Court's assistance in obtaining necessary evidence to support their claims. The information sought from GoDaddy.com llc, Domains by Proxy, Wordpress/Automattic Inc. NameCheap, and Bodis is vital for establishing facts that are central to our case.

### II. Legal Standard for Subpoenas

Under Federal Rule of Civil Procedure 45, a party may issue subpoenas to compel the production of documents and testimony from third parties. The information requested must be relevant to the claims or defenses in the case and not overly burdensome to produce.

1. **Matter of Rizzo v. New York State Div. of Human Rights**, 103 A.D.2d 931 (2d Dept. 1984) This case affirms the right of litigants to obtain information necessary for their claims, emphasizing the importance of discovery in ensuring a fair trial.

2.  **Murray v. New York City Health and Hospitals Corp.**, 15 A.D.3d 243 (1st Dept. 2005) The court held that the party seeking a subpoena must demonstrate that the information sought is relevant and material to the case, supporting the principle that pro se litigants can seek relevant information to substantiate their claims.

3.  **Friedman v. New York City Transit Authority**, 100 A.D.2d 1010 (2d Dept. 1984) This case highlights that subpoenas are a legitimate tool for parties, including pro se litigants, to gather necessary evidence, reinforcing the idea that access to information is crucial for justice.

4.  **Avery v. New York State Dept. of Correctional Services**, 2012 WL 4513270 (N.Y. Sup. Ct. 2012) The court recognized the right of pro se plaintiffs to engage in discovery, including issuing subpoenas, to secure evidence that may support their claims.

5.  **Klein v. City of New York**, 2006 WL 1670017 (N.Y. Sup. Ct. 2006) This case reaffirms that the courts must facilitate the ability of pro se litigants to gather evidence, ensuring that they are not disadvantaged in their pursuit of legal remedies.

### III. Relevance of Requested Information

The requested subpoenas will seek information that is directly relevant to our allegations of retaliation, harassment and abuse by Defendant and his third party enablers. Specifically, the documents will include:

1.  **Domain Registration Information**: Details on the registrants of the websites in question, which are crucial for identifying parties involved in the alleged misconduct.
2.  **Hosting Information**: Records indicating where the websites are hosted, which will assist in understanding and removing the dissemination of harmful content.

### IV. Good Cause for Issuance of Subpoenas

Plaintiffs have made reasonable efforts to obtain this information through other means, including direct requests to the Defendant and his third party enablers, which have been unfruitful. The information held by GoDaddy.com llc, Domains by Proxy, Wordpress/Automattic Inc. NameCheap, and Bodis is not otherwise accessible, making the subpoenas essential for our case.

**V. Conclusion**

For the reasons set forth above, Plaintiffs respectfully request that the Court grant our motion for subpoenas directed to GoDaddy.com llc, Domains by Proxy, Wordpress/Automattic Inc. NameCheap, and Bodis and any other relevant entities to compel the production of documents necessary for our civil case.

Plaintiffs respectfully request the subpoenas to be sealed given Jane Doe's full name is in the URL's along with lies.info; files.com; lies.com in keeping with the Courts order to proceed anonymously as Jane Doe.

Dated: Broome County, New York
May 12, 2025

Respectfully submitted,

*Jane Doe*
_____
Jane Doe