UNITED STATES DISTRICT COURT

Northern District of New York

6th Judicial Division

| | |
|---|---|
| JANE DOE, JOHN DOE | Case No.3:24-cv-274 (MAD/ML) |
| Plaintiffs | |
| -against- | **MOTION FOR** |
| | **DEFAULT JUDGMENT** |
| JONATHAN REES aka GREG ELLIS aka JOHNATHAN REES aka JONNY REES aka JACOB LORENZO | |
| Defendant | |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

Plaintiffs JANE DOE, JOHN DOE (herein, "Plaintiffs") move for entry of Default Judgment against JONATHAN REES aka GREG ELLIS, an individual (herein, "Defendant"). Plaintiffs state in support of it's Second Amended Complaint, **ECF 56** and his default having been entered, **ECF 66**, with Plaintiffs Motion for Default Judgment as follows;

### I. Introduction

The Defendant's retaliatory abuse and harassment campaign constitutes a deliberate pattern of tactics aimed at intimidating and harming the Plaintiffs. As of this motion for default judgment,

1

the Defendant has engaged in direct and anonymous harassment for two years and six months. He and his enablers have published videos and created derogatory websites, doxing the Plaintiffs' home address and using their names and contact information. This campaign encourages unstable, misogynistic individuals to contact the Plaintiffs, their business associates, friends, family, landlords, and crew, even inciting violence against them.

This harassment has persisted despite a three-year full stay-away Order of Protection issued by the Honorable Judge Young in Broome Family Court on May 12, 2024, **ECF 24, Exhibit 1**, which mandated that the Defendant cease all harassment and prevent third parties from posting about the Plaintiffs and Jane Doe's minor children on social media. The order also required the removal of the harmful websites established by the Defendant and his enablers.

The Defendant believes the rules do not apply to him and has willfully disregarded the Honorable Judge Young's order protecting the Plaintiffs. For over four months, the Plaintiffs remained patient, hoping the Defendant would lose interest due to Jane Doe's lack of engagement, including her closure of social media accounts even though social media with a following of around one million followers across platforms was imperative to her business, but she had to remove to try and mitigate the flow of hateful rhetoric from him and his enablers. However, the harassment intensified, with the Defendant disseminating detailed and harmful information about Jane Doe, her children, and their father, whom he consistently labels a child rapist. This behavior aims to inflict extreme distress on John Doe, Jane Doe, and her minor children.

Moreover, third-party enablers and the Defendant's burner accounts persist in spreading malicious falsehoods about the Plaintiffs in online discussions in which they are not involved. This includes a dedicated website featuring Jane Doe's full name in the URL. Plaintiffs filed a petition against Defendant in Broome Family Court for violating the Order of Protection (OOP) in July 2024. The Defendant failed to appear for the first three court dates over four months. In

December 2024, the Defendant contacted Broome Family Court with implausible excuses for his non-compliance, claiming ignorance of the action against him and alleging he did not receive service of the Order of Protection (OOP). He filed repetitive motions, all of which were denied, and has submitted approximately seven appeals to the appellate court, creating a chaotic environment to evade service and accountability. In or around February 10, 2025, the Honorable Judge Young ordered the Defendant to accept service of the OOP by 3 PM on February 14, 2025, or face a warrant being issued for his arrest. The Defendant complied on February 14, 2025, after ten months of attempted service. Shortly thereafter, on February 17, 2025, Judge Young recused himself **EXHIBIT 46**, following an attempt by the Defendant's friend—an ex-judge removed from the bench in Broome Family Court for sexual harassment and misconduct—to influence Judge Young regarding the OOP violation petition in Defendant's favor. The case was reassigned to the Honorable Judge Gorman, affecting discovery, with a trial scheduled for April 16, 2025. Regrettably, judicial subpoenas were signed and sent only 42 minutes before the trial, leading Judge Gorman to recommend dismissing the petition without prejudice and allowing for re-filing upon receipt of the documents. On the trial date, Justice Jordan Lilley of the Town of Smithville Court appeared at Broome Family Court at 1:30 PM to testify on behalf of the Defendant **EXHIBIT 47**, his friend, despite having no knowledge of Jane Doe's petition, further evidencing their connection and friendship against the Judicial Rules of Conduct.

While the violation of the Order of Protection petition was active following the Defendant's virtual appearance in December 2024, no changes were made to the website ending in .info, and the Defendant's aliases ceased posting about the Plaintiffs on social media. However, two days after the OOP violation petition was dismissed on April 16th, 2025, an edited nefarious video claiming to be of Jane Doe was added to the .info website on April 18, 2025, purporting to be an extended recording from the Defendant's Ring Cameras. This action demonstrates the Defendant's blatant disregard for the law and the Judge's orders, indicating no intention to cease his abuse of the Plaintiffs. The Defendant has claimed to be judgment-proof after he and/or his

enablers on his behalf, relocated the website hosting from Wix in the United States to Virtual Systems LLC in Ukraine with evasion tactics ongoing to avoid accountability.

Defendant's retaliatory and disturbing behavior seems to be about control, to harass, silence and discredit Jane Doe after she filed police complaints against Defendant for multiple crimes against her and her children, for walking away from him and his film/tv projects after experiencing violence, threats, non-payment for work, and abuse towards her and her children, and because she agreed to be a witness against Defendant in a separate civil lawsuit after being subpoenaed on May 13th, 2024 by his ex-girlfriend's Attorney's regarding declarations Defendant submitted to NYSP, Chenango Sheriffs, Norwich Police, and Chenango County Court, claiming he was a victim of domestic violence subjected to abuse and violence by his ex-girlfriend and filed fraudulent declarations to back up these false claims that he swore under oath and the penalty of perjury were written and signed by Jane Doe, when they were not, **EXHIBIT 45**. Plaintiff's weren't even in the United States during the time period Defendant wrote about in the falsified declarations, but was in fact filming in Africa, Europe and Asia. The date Jane Doe was scheduled to be deposed was cancelled and she hasn't heard from his ex-girlfriend's Attorney's for around 12 months, which Plaintiffs assume means Jane Doe is no longer needed as a witness against Defendant, but he still continued to file malicious and false documents in his ex-girlfriend's case about Plaintiffs, which started as witness intimidation and has rapidly become aggravated harassment directed at Plaintiffs.

Based on these fake declarations submitted by Defendant, which are public record, hundreds of women believed Jane Doe was involved in the harassment of his ex-girlfriend, including his ex-girlfriend, when the reality is that Jane Doe was unaware that Defendant had used her name, identity and forged her signature in order to submit declarations full of preposterous lies against his ex-girlfriend to get her charged and a temporary OOP issued against her in Chenango County. Jane Doe has been clear from the outset of her Complaint against Defendant that he used her

identity and committed forgery in order to maliciously prosecute his ex-girlfriend, who Jane Doe has never met. Jane Doe has been subjected to hate from feminist groups defending his ex-girlfriend and his ex-wife, who based on belief seem to know the truth about Defendant from court filings against Defendant in Los Angeles, New York and Indiana. Jane Doe has been publicly accused of harassment and other horrific crimes based on Defendant's bad acts, and for the last 21 months, Jane Doe has been the target of a misogyny men's group retaliating against Jane Doe for stepping forward and telling the truth that she didn't write the declarations and for filing reports to Law Enforcement about her own harmful experiences dealing with Defendant. Unfortunately, Defendant's followers who have become enablers of abuse can't be reasoned with, they are scary, reckless and dangerous individuals who believe his lies and falsehoods that Defendant is a victim of crimes, when he is not, he is in fact the perpetrator of crimes against many women and children in a pattern of abuse that spans many years, *see Dana Rees Declaration*. Defendant isn't just vindictive and violent, he's also extremely charming and persuasive, and can talk any disturbed man into helping him attack his targets, with women his enemy, including Jane Doe.

Defendant also included in filings in his ex-girlfriend's case about Plaintiffs what seems to be an edited CPS report ordered by Honorable Judge Young, **EXHIBIT 43.** This CPS report was ordered private and confidential with the Judge not allowing it's dissemination, yet the Defendant has managed to not only get his hands on this confidential report about John Doe, and Jane Doe's non party minor children, but Defendant also intentionally publicly disseminated this report with zero regards to the welfare of Plaintiffs or their family with a reckless disregard to the severe impact on them or for Honorable Judge Young's order preventing the dissemination of the report. Plaintiffs don't even have a copy of this report after their respective Attorney's in Broome Family Court explained that Judge Young hadn't released it. This report is due to an investigation Honorable Judge Young ordered after multiple false reports were filed by Defendant and his enablers to CPS about Jane Doe and her children, and Judge Young appointed a Law Guardian to

5

protect her children who have been interviewed over and over by multiple CPS Officers at their school with their Counselor present, **EXHIBIT 25**, *see Katie Simek affidavit*, all deemed unfounded with Law Enforcement and CPS Officers showing up at their home for further interviews, creating anxiety, distress and embarrassment for the whole family.

Plaintiffs filed this civil action after being repeatedly told by Chenango Sheriffs and other Law Enforcement agencies after multiple reports spanning months filed by Jane Doe asking for their help, that the websites, harassment, stalking, forgery, identity theft, et cetera, are a civil matter.

## II.    Procedural Posture

In this action, Plaintiffs allege that the Defendant has stalked, harassed and harmed them and filed suit for the following causes of action: (i) Intentional Infliction of Emotional Distress; (ii) Sexual Harassment, Gender Discrimination and Hostile Work Environment; (iii) Violation of Civil Rights; (iv) Tortious Inference with Contract/Prospective Economic Advantage; (v) Intentional Inference with Prospective Business Relations; (vi) Forced Labor; (vii) Forgery; (viii) Identity Theft.

Plaintiffs Summons issued on March 6th, 2024, **ECF 8** and Amended Complaint filed in this action on March 20th, 2024, **ECF 14**, Second Amended Complaint entered on March 24, 2025, **ECF No. 56**, new Summons issued on March 26th, 2025, **ECF No. 59**.

Plaintiffs served Defendant with a summons and a copy of Plaintiff's Second Amended Complaint pursuant to CPLR Section 308, on April 10th, 2025. See Affidavit of Service entered on April 21st, 2025, **ECF 60**.

Defendant has failed to appear in this action and no extensions of time have been granted. As a result of Defendant's failure to appear in this action, Defendant is in default. Accordingly, on or

about May 9th, 2025, Plaintiffs filed a request to Enter Default with the Clerk of the Court, **ECF 63**. On May 12th, 2025, the Clerk of the Court entered a default against Defendant, **ECF 66**.

Since that time, Defendant has not responded.

Based on Defendant's default, Plaintiffs are entitled to Judgment by Default. Plaintiffs are seeking monetary relief and a permanent injunction against Defendant. Accordingly, Plaintiffs hereby request that the Court enters Judgment against Defendant and in favor of Plaintiffs and in the form of the Final Judgment, lodged with Motion for Default Judgment, awarding a permanent injunction in Plaintiffs favor, as prayed for in the Complaint, enjoining Defendant from stalking, harassing or contacting Plaintiffs, as well as enjoining Defendant from engaging in further abuse with videos, photos and websites set up to directly harm Plaintiffs.

III. **Memorandum of Law**

A. **Plaintiffs' well-pleaded allegations set forth all facts necessary to establish Defendant's liability for all causes of action plead.**

Plaintiffs served Defendant the Second Amended Complaint on April 10th, 2025, and Defendant has refused to respond or appear. Defendant, and his various counsel, are aware of and still refuse to participate in this action. Accordingly, the Clerk entered a default against Defendant. FED. R. CIV. P. 55.

Since Defendant was served the Summons, Complaint and other court documents throughout this case, Defendant has retaliated against Plaintiff and filed many police complaints against Plaintiff in various jurisdictions, which are included in multiple filings on the docket in his ex-girlfriend's case against him 3:23-cv-1352, **ECF 37, 78, 82, 84** and **86** claiming Plaintiff is in violation of a temporary OOP his friend Justice Lilley, Smithville Town Court ordered for him, extended as a

matter of course without a hearing by Judge Revoir in Chenango County pending the outcome of the criminal case against Plaintiff filed by Defendant.

On a motion for default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure, the Court accepts as true the facts alleged in the complaint: "[B]y defaulting, the [defendant is] deemed to have 'admit[ted] the plaintiff's well-pleaded allegations of fact' for purposes of liability." Coton v. Televised Visual X-Ography, Inc., 740 F. Supp. 2d 1299, 1307 (M.D. Fla. 2010) (quoting Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987)); Tyco Fire & Sec., LLC v. Alcocer, 218 Fed. App'x 860, 863 (11th Cir. 2007); Shandong Airlines Co. v. CAPT, LLC, 650 F. Supp. 2d 1202, 1206 (M.D. Fla. 2009) (citing Buchanan). If the admitted facts establish the defaulting defendant's liability, the plaintiff is entitled to relief against that defendant. See Shandong Airlines, 650 F. Supp. 2d at 1206; United States v. Henley, Civ. No. 8:10-2208-T- 24-TGW, 2011 WL 1103894, at *2 (M.D. Fla. Mar. 25, 2011) (citing Tyco Fire). Pursuant to Fed. R. Civ. P. 54(c), the relief awarded "must not differ in kind from, or exceed in amount, what is demanded in the [complaint]." See Rasmussen v. Cent. Fla. Council Boy Scouts of Am., Inc., No. 10-12238, 2011 WL 311680, at *2 (11th Cir. 2011); Magee v. Maesbury Homes, Inc., Civ. No. 6:11-209-Orl-19DAB, 2011 WL 1457173, at *2 (M.D. Fla. Apr. 15, 2011); Enpat, Inc. v. Budnic, Civ. No. 6:11-86-PCF-KRS, 2011 WL 1196420, at *1 (M.D. Fla. Mar. 29, 2011).

Plaintiffs' well-pleaded allegations set forth all facts necessary to establish its rights in the abuse, harassment and the stalking, as well as Defendant's liability for all causes of action plead, including:     (i) Intentional Infliction of Emotional Distress; (ii) Sexual Harassment, Gender Discrimination and Hostile Work Environment; (iii) Violation of Civil Rights; (iv) Tortious Inference with Contract/Prospective Economic Advantage; (v) Intentional Inference with Prospective Business Relations; (vi) Forced Labor; (vii) Forgery; (viii) Identity Theft.

Defendant, by failing to answer, has conceded the allegations stated in the Complaint. No dispute as to any material fact exists.

Defendant continued to submit documents about Plaintiff in a non-party case up until a few months ago in December, 2024, which is also in the NDNY, while willfully refusing to respond to Plaintiff's complaint against him. Additionally, Plaintiff has received a three year full stay away Order of Protection against Defendant in a concurrent Family Court case after a trial, alleging these same facts.

B.   **Plaintiffs are entitled to a permanent injunction.**

Plaintiffs seek a permanent injunction enjoining Defendant from ever again posting or otherwise using the website, personal content, photographs and videos of Plaintiffs and Jane Doe's minor children and from disclosing Plaintiffs' names publicly or any intimate video footage or photographs Defendant captured of Plaintiffs or non-party minor children unknowingly in bedrooms and bathrooms, while Plaintiffs stayed at his home in Chenango County from November 24th, 2022 to December 6th, 2022, which Defendant tried to use to extort Jane Doe into silence, claiming he had videos and photographic footage of Plaintiffs and minor children from hidden cameras while showering, using the toilet and changing for bed, and would publicly disseminate these images and videos if Jane Doe didn't do as he said. A permanent injunction is an appropriate remedy for abuse victims at default judgment. See *Doe v. Hofstetter*, 2012 WL 2319052 (D. Colo. June 13, 2012). A plaintiff sufficiently demonstrates the need for a permanent injunction by showing: (1) irreparable harm; (2) that monetary damages alone are inadequate; (3) that the balance of hardships favors the plaintiff; and (4) that an injunction would benefit the public interest. eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006). These elements are satisfied here.

1.   **Plaintiff Faces Irreparable Harm.**

A permanent injunction is an appropriate remedy when there is a "cognizable danger of a recurrent violation" that goes beyond a "mere possibility." *United States v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953). Defendant's conduct was not only egregious and the source of Plaintiffs' significant and continued suffering, but was maliciously calculated to inflict severe harm. It is reasonable to anticipate, given his past conduct (including refusing to participate in this Action, and the repeated violations since Plaintiffs received a 3 year Order of Protection against Defendant and his behavior when other victims confronted him in the past) that retaliation from the Defendant is more than a "mere possibility." It is ultimately impossible for Plaintiffs to know that Defendant will not republish or cause-to-be-republished the posts, videos and website in another effort to fulfill his self proclaimed desire to ruin Plaintiffs life without an injunction. The requested injunctive relief is necessary to prevent any further harm to Plaintiffs.

Additionally, for the same reasons, Defendant should be compelled to provide information related to his tortious actions to prevent further harm to Plaintiffs, including the destruction of all photographs, videos and personal and private content about Plaintiffs in his possession, and the destruction of all communications he has that contain private and personal content on his exclusive website about Plaintiffs, including photographs and videos, or that mention the Plaintiffs, including internet posts and social media posts. Plaintiffs will continue to suffer emotional harm until they can be ensured that the website, photographs and videos have been destroyed. Otherwise, Plaintiff will fear Defendant's future dissemination and or use of photographs, videos and website content. This injunctive relief constitutes the only means to ensure that the Defendant does not inflict any future harm to Plaintiffs and is therefore a "necessary remedy" that is "proper in scope." *Sharpe v. Cureton*, 319 F.3d 259, 273 (6th Cir. 2003). Thus, injunction is the only remedy available to Plaintiffs to limit future injury. *See id*. A permanent injunction is also an appropriate remedy in default judgment cases.. See *eBay*, 547 U.S. at 391. Plaintiffs properly allege and proved relevant injury. Thus, they are not merely

presuming that harm will result, but have illustrated with specific evidence how harm actually is resulting from Defendant's conduct.

    **2.    The Balance of Hardships Favors Plaintiffs.**

Plaintiffs' emotional distress, anxiety, and fear will continue if the injunction is not granted. While the severity of harm for Plaintiffs is great and realistically indefinite, nothing suggests Defendant will suffer any harm if injunctive relief is granted. In fact, quite the opposite. The injunction merely asks Defendant to act like a person should in a civilized society.

    **3.    Injunctive Relief Serves the Public Interest.**

There is a public interest in redressing injuries resulting from malicious torts. Here, an injunction would protect Plaintiffs from severe harm and send a message that Defendant's conduct is intolerable. It would send a message to others that this conduct is intolerable and possibly prevent future harm to others, especially girls and women. Without an injunction, Defendant would be rewarded for his conduct and ignoring the judicial process, which would be against the public interest because of its precedential effect.

## IV. Conclusion

Plaintiffs have established that Defendant engaged in an egregious campaign of harassment intended to cause Plaintiffs severe emotional distress and other personal injuries, further evidenced by his filings about Plaintiffs to this Court in a non-party case. He intentionally inflicted emotional distress on Plaintiffs and Jane Doe's non-party minor children, and his conduct amounts to aggravated harassment and stalking. Since the beginning of this litigation, Defendant has not disputed any of this and, in fact, knowingly ignored the judicial process, violating this Court's rules and the judicial process. For these and the reasons stated herein, this Court should grant Plaintiffs Motion in its entirety and enter a Default Final Judgment of Liability and Injunction against Defendant. Plaintiffs include a proposed Final Judgment.

Respectfully submitted,

Dated: 05/13/2025

                                                                      _____

                                                                        Jane Doe

                                                                       Plaintiff