UNITED STATES DISTRICT COURT

Northern District of New York

6th Judicial Division

|  |  |  |
|---|---|---|
| JANE DOE, JOHN DOE | ) | |
| | ) | Case No. 3:24-cv-00274 |
| Plaintiff | ) | |
| | ) | |
| -against- | ) | |
| | ) | **LETTER REQUEST** |
| | ) | |
| JONATHAN REES aka GREG ELLIS | ) | |
| aka JOHNATHAN REES aka JONNY REES | ) | |
| aka JACOB LORENZO | ) | |
| | ) | |
| Defendant | ) | |

Dear Honorable Judge D'Agostino,

Rees's Attorneys are engaged in a tripartite relationship, representing Travelers Insurance in connection with Claim No. CIR7021. Plaintiffs have emailed the attorneys requesting Rees's insurance policies, as well as Travelers representatives Jenny Sautter, Claim Professional and Business Torts Claim Group, and Regina Hagen, Complex Claim Manager and Business Torts Claim Group, who are overseeing the ongoing litigation against their client, Rees. Plaintiff's have requested multiple times for Rees policies spanning weeks and still haven't received any documents. These communications follow outreach to the Defendant by Jenny Sautter who cc'd Plaintiffs via email on Thursday, August 14th, 2025 at 5:14 PM, which stated,

*"Please see attached correspondence regarding the captioned claim.*

1

*This letter contains important information regarding your claim and should be read immediately*. Feel free to reach out to me with any questions or concerns after you have reviewed it.

*Please understand that the information contained in the attached letter may affect your rights and obligations under your insurance policy or your claim. Because you voluntarily gave your email to Travelers, you are consenting to an agreement to work with us electronically. Our records will reflect that you received this letter and have had the opportunity to review and act on the information contained in it.*

*Pursuant to NY Ins. Law s. 3420, a copy of this letter is also being provided to the email address listed on the court docket for Jane Doe and John Doe."*

Since the Defendant refuses to provide Plaintiffs with polices and relevant disclosures, Plaintiffs respectfully seek an order from the Court directing the Defendant to comply with New York Law, specifically CPLR § 3101(f), which mandates the immediate disclosure of all primary, excess, and umbrella insurance policies, irrespective of the policyholder's consent. Under the Comprehensive Insurance Disclosure Act (CIDA), this disclosure must encompass:

1. Complete copies of all primary, excess, and umbrella policies.
2. All insurance applications.
3. Detailed insurance policy limits.
4. Contact information for individuals responsible for adjusting the claim.
5. Information regarding any lawsuits that have diminished or may potentially diminish the policy limits, including case captions, filing dates, and relevant contact information for involved parties.

6.   Information regarding any attorney fees that have impacted the policy limits.

It is vital for Plaintiffs to obtain this information prior to replying to the Defendant's opposition to the Motion for Default Judgment and the Defendant's Cross Motion to Vacate the Entry of Default or they may be prejudiced. The requested disclosures are not merely beneficial; they are legally essential, allowing Plaintiffs to effectively address the Defendant's legal arguments and uphold their rights, thereby maximizing the potential for a favorable recovery in accordance with applicable laws.

Respectfully submitted,

09/08/2025                                                                                           Jane Doe

                                                                                                     *Jane Doe* (signature)