UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JANE DOE

Plaintiff,

-against-

JONATHAN REES, AKA
GREG ELLIS, AKA
JONNY REES,

Defendant.

3:23-CV-01352-TJM-ML

**WAIVER AND ACCEPTANCE OF SERVICE OF SUBPOENA**

To: [redacted]
200 Washington Avenue, #7181
Endicott, NY 13760
[redacted]

I, [redacted], hereby accept and acknowledge service of the attached Subpoena, and waive any objection to the sufficiency of service of said subpoena.

Date:______________

[redacted]_______

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JANE DOE

Plaintiff,

-against-

JONATHAN REES, AKA
GREG ELLIS, AKA
JONNY REES,

Defendant.

3:23-CV-01352-TJM-ML

**SUBPOENA TO TESTIFY AT A DEPOSITION AND PRODUCE DOCUMENTS IN A CIVIL ACTION**

To: [redacted]
200 Washington Avenue, #7181
Endicott, NY 13760
[redacted]

**Testimony**: **YOU ARE COMMANDED** to appear at the time, date and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the part serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: N/A

| Place: Virtual | Date and Time: June 6, 2024, 9:30 a.m. ET |
|---|---|

The deposition will be recorded by this method: Stenography

---

**Production**: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

*See attachment*

---

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: May 14, 2024

*s/ Lindsay Lieberman*
Lindsay Lieberman, Esq.
Lindsay Lieberman, LLC
P.O. Box 2575
Newport, RI 02840
(401) 314-0219
lindsay@lindsaylieberman.com

*s/ Allison Mahoney*
Allison Mahoney, Esq.
ALM Law, LLC
43 West 43rd Street, Suite 309
New York, NY 10036
(970) 315-5152
allison@almlawllc.com

*Attorneys for Plaintiff*

---

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**PROOF OF SERVICE**

I received this subpoena for (*name of individual and title, if any*) ______________________________

on (*date*) _______________.

☐ I served the subpoena by delivering a copy to the named individual as follows:

____________________________________________________________________________________

____________________________________________ on (*date*) ____________________; or

☐ I served the subpoena unexecuted because: ______________________________________

____________________________________________________________________________________.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of $ ____________.

My fees are $ ___________________ for travel and $ ________________ for services, for a total of $ _________________.

I declare under penalty of perjury that this information is true.

Date: ____________________

______________________________________
*Server's signature*

______________________________________
*Printed name and title*

______________________________________
*Server's address*

Additional information regarding attempted service, etc.:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE<br><br>Plaintiff,<br><br>-against-<br><br>JONATHAN REES, AKA<br>GREG ELLIS, AKA<br>JONNY REES,<br><br>Defendant. | 3:23-CV-01352-TJM-ML |

**PLAINTIFF'S SUBPOENA DUCES TECUM TO** [redacted]

**DEFINITIONS**

1. "Action" means the matter of *Jane Doe v. Jonathan Rees*, a.k.a. Greg Ellis, a.k.a. Jonny Rees, 3:23-CV-01352-TJM-ML.

2. "Communication" includes, but is not limited to, any transmission, conveyance, or exchange of a word, statement, fact, thing, idea, Document, instruction, information, demand, or question by any medium, whether written, oral, or other means (including, but not limited to, electronic communications and electronic mail).

3. "Defendant" means Jonathan Rees, also known as Greg Ellis, also known as Jonny Rees, the Defendant in this Action.

4. "Documents" means any document or electronically stored information as defined in Federal Rule of Civil Procedure 34.

5. "Image" means any visual depiction, including but not limited to a photograph, videotape, digital recording, digital image, undeveloped film, data stored by electronic means

which is capable of conversion into a visual image, electronically generated visual depiction, illustration, painting, drawing, or any substitute for any of the above, and any accompanying sound or Documents.

6. "Including" means including and but not limited to.

7. "Plaintiff" means Jane Doe, the Plaintiff in this Action.

8. "Intimate Image" means an Image that depicts the uncovered or exposed intimate part, genitals, pubic area, anus, or breasts of an individual or the display or transfer of bodily sexual fluids on to any part of the body of an individual, from the body of an individual, or an individual engaging in sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), (B) or sexual contact as defined in N.Y. C.L.S. Penal § 130.

9. "You" and "Your" means

**INSTRUCTIONS**

1. You shall produce all Documents within Your custody or control.

2. The use of the singular shall be deemed to include the plural, and the use of masculine, feminine, or neutral genders shall include each gender, as appropriate in context.

3. You shall construe each request herein independently and not with reference to any other request for the purposes of limitation.

4. The connectives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

5. The terms "all," "any," "each," and "every" shall be construed as both "each" and "every" to bring within the scope of the request all responses which might otherwise be construed to be outside of its scope.

6. The terms "reflect," "reflecting," "related to," "refer to," "relating to," and "referring to," mean relating to, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

7. To the extent a request seeks information regarding the Defendant's Communications, it excludes Communications between Defendant's counsel and Plaintiff's counsel regarding this Action.

8. Documents should be produced pursuant to agreements, stipulations or orders regarding the collection and production of Documents and electronically stored information to be entered in this Action.

9. If You believe that any person or entity might have custody or control of any Document that is not within Your custody or control but is otherwise responsive to any part of this request, You shall state so and shall identify the person or entity that You believe might have custody or control of that Document.

10. You shall specifically identify the source(s) or derivation(s) of each Document.

11. You shall produce each Document in its entirety, without abbreviation or redaction.

12. You shall produce all Documents in the order and manner that they are kept in the usual course of business. You shall produce all Documents in their original folders, binders, covers, or containers (or You shall provide properly sequenced photocopies thereof).

13. You shall produce as a separate Document any Document that contains any notation, addition, insertion, or marking of any kind that renders it not entirely identical to a version of that Document without such marks.

14. If any portion of any Document is responsive to any of these requests, You shall

produce the entire Document including, but not limited to, all cover sheets, appendices, or attachments.

15. If You contend that part of a request is objectionable, You shall state the basis for Your objection with specificity, and You shall respond to that part of the request that You do not contend is objectionable.

16. If You contend that You do not understand the definition of any term or phrase used in a request, You shall explain in detail what it is that You do not understand about the term or phrase at issue, and You shall respond to that part of the request that You do understand.

17. If You contend that any part of a request is overbroad, You shall explain in detail why it is that You consider that part of the request to be overbroad, and You shall respond to the remainder of the request that You do not consider to be overbroad.

18. If no Document exists which is responsive to a particular request, You shall state so.

19. If, after responding to these requests, You obtain or become aware of any additional Documents that are directly or indirectly responsive to any part of any of these requests, You shall promptly produce any additional responsive Documents. If, after answering these requests for production, You learn that any part of any answer or objection to any of these requests is incomplete, incorrect, or improper, You shall promptly provide a supplementary written answer and shall produce any additional responsive Documents.

20. If any Document covered by these requests is withheld by reasons of a claim of privilege, a log is to be furnished identifying any such Document for which the privilege is claimed by providing the information required by law.

## TIME PERIOD

Unless otherwise stated, these Requests cover the period from January 1, 2022, to the present.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All Communications and Documents sent by Defendant to You regarding or referencing the "Copycat" or "Amber Heard's Copycat," Including references to the "Copycat" or "Amber Heard's Copycat" in any attachments or Documents contained in any links sent with any Communications.

2. All Communications and Documents sent by You to any third parties referencing the "Copycat" or "Amber Heard's Copycat," Including references to the "Copycat" or "Amber Heard's Copycat" in any attachments or Documents contained in any links sent with any Communications.

3. Any Communications and Documents containing Intimate Images Defendant or his agents shared with you, from September 6, 2022, to October 31, 2023, of Jane Doe.

4. All Communications and Documents, from September 6, 2022, to October 31, 2023, requesting or directing You to share Intimate Images of Jane Doe.

5. All Communications and Documents regarding Defendant possessing a gun.

6. All Communications and Documents regarding Matthias Wesner going to Jane Doe's daughter's residence, Including but not limited Communications and Documents regarding the reason for his visit(s), the parties involving in planning or otherwise arranging the visit(s), and the date(s) and time(s) of the visit(s).

7. All Documents and Communications from Defendant or Defendant's agents to You regarding this Action.

*/s/ Lindsay Lieberman*
Lindsay Lieberman
Lindsay Lieberman, LLC
P.O. Box 2575
Newport, RI 02840
(401) 314-0219
lindsay@lindsaylieberman.com

*/s/ Allison Mahoney*
Allison Mahoney
ALM Law, LLC
43 West 43rd Street, Suite 309
New York, NY 10036
(970) 315-5152
allison@almlawllc.com

ATTORNEYS FOR PLAINTIFF