STATE OF NEW YORK
COUNTY COURT:  COUNTY OF CHENANGO
-------------------------------------------------------------------
THE PEOPLE OF THE STATE OF NEW YORK,

**DECISION & ORDER**

-vs-

████████████,                                    **Indictment #**████████

Defendant.
-------------------------------------------------------------------
PRESENT:       ████████ ████████, █
             County Court Judge

Defendant stands before the Court charged with three counts of Reckless Endangerment in the First Degree and one count of Menacing in the Second Degree. Defendant has been granted permission to represent herself, with the Public Defender to act as stand-by counsel.  This is the fourth motion Defendant has filed since the omnibus motion was filed by her prior attorney.

In the present motion, Defendant seeks to have Chenango County First Assistant District Attorney Christine Rudy sanctioned for submitting false statements to the Court. ADA Rudy opposes the motion and denies she made any misleading statements to the Court.

The first three counts of the Indictment allege that on August 8, 2023 at 680 State Highway 220, in the Town of Smithville, County of Chenango, State of New York, Defendant, under circumstances evincing a depraved indifference to human life, recklessly engaged in conduct, including firing a rifle in the direction of Jonathan Rees, causing a grave risk of death to Mr. Rees, and causing a grave risk of death to Kevin Winters and Cindy Winters, who were attempting to help Mr. Rees seek safety.  The Grand Jury testimony, which the Court and all parties have, reveals the evidence presented by the People.

Six witnesses testified before the Grand Jury, including two of the complainants. Mr. Rees testified to getting off his tractor on the day in question, hearing a pop and seeing a splinter of wood fly out.  Mr. Rees further testified to turning and seeing a masked individual with a firearm pointed at Mr. Rees' head.  Both Mr. Rees and Mr. Winters gave testimony about Mr. Rees running up a road and flagging down the Winters' vehicle.  Both men testified that as Mr. Rees was leaning into the vehicle a rifle shot was heard.  Both men testified to seeing a person dressed all in black moving across Mr. Rees' property.  Mr. Winters testified the individual had a backpack and a rifle.

Detective Sergeant Chad O'Hara testified to encountering a black clad individual on a road in the vicinity of Mr. Rees' residence.  That individual was Defendant, who identified herself to the Detective.  The Detective testified Defendant was wearing a black backpack.

Sergeant Nathan Warner gave testimony regarding statements Defendant made at the Chenango County Sheriff's office.  It was his testimony Defendant told him she got to

Mr. Rees's house where she fired her rifle a couple of times at the ground to scare Mr. Rees. Sergeant Warner further testified that Defendant indicated she left the rifle in the woods behind Mr. Rees' house.

According to ADA Rudy, the video of Defendant's statements to law enforcement reveal Defendant stated, "I didn't actually aim to shoot him but I did want him to know not to come near me or the kids or contact me. I just shot it at the ground...I thought he might get the message." ADA Rudy further claims Defendant stated, "Do you think he would come near me now? Or the kids?" It is further claimed Defendant stated, "So it's been worth it even though I am going to be punished because ultimately that's all I care about."

Whether these or any statements Defendant made to law enforcement can be utilized at trial will be determined at the pre-trial hearings. Nonetheless, these statements were known to the People and Defendant during all of this motion practice.

Defendant claims ADA Rudy committed perjury when she wrote in her responses to two of Defendant's motion, "The defendant later admitted that she did have a rifle, and she did shoot it, trying to scare Mr. Rees." Defendant denies she ever stated she shot a gun with the intent to scare Mr. Rees.

To begin with, the Courts notes that at no time did ADA Rudy, in the subject submissions, quote Defendant. ADA Rudy did present the People's position and interpretation of the evidence. ADA Rudy asserts in her Response to this motion that she provided Defendant with the specific time in her interview where the statements attributed to Defendant were made. Now, if that proves not to be true. If those statements were not made by Defendant, Defendant's motion has merit. If the opposite is true, Defendant has engaged in baseless motion practice.

The People have attached a flash drive to their responding papers with Defendant's alleged statements contained therein. In light of Defendant's concerns about transparency in these proceedings, the relevant portions of the video will be viewed at the pre-trial hearings.

As a result, the Court will **reserve** upon this motion.

**This Decision constitutes the Order of the Court.**

Dated: _____March 12th_____, 2026
Norwich, New York

_____
County Court Judge

FILED

2026 MAR 13 P 3: 53

COUNTY CLERK'S OFFICE