

U.S. DISTRICT COURT – N.D. OF N.Y.
FILED
Apr 6 - 2026
John M. Domurad, Clerk

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JANE DOE, JOHN DOE,
           Plaintiffs,

  -against-                   **Case No. 3:24-cv-00274 (MAD/ML)**

JONATHAN REES aka GREG ELLIS,

         Defendant.

_____

### PLAINTIFFS' MOTION FOR IN CAMERA REVIEW OF PRIVILEGED COMMUNICATION
#### (Attorney-Client Privilege / Work Product Doctrine)

## I. INTRODUCTION

Plaintiffs Jane Doe and John Doe respectfully move this Court for an order accepting a privileged written communication for in camera review in connection with Plaintiffs' Opposition to Defendant's Motion to Dismiss the Second Amended Complaint. Plaintiffs submit that this communication is protected by the attorney-client privilege and the work product doctrine, and they make no waiver of those protections by this filing. Plaintiffs request only that the Court review the document privately before ruling on the pending motion to dismiss, so that its contents may inform the Court's assessment of the plausibility of Plaintiffs' intrusion upon seclusion and N.Y. Civil Rights Law § 52-b claims without requiring public disclosure.

## II. DESCRIPTION OF THE DOCUMENT

The materials sought to be submitted for in camera review constitute a privileged communication chain between Plaintiff Jane Doe and her criminal defense counsel in the Chenango County proceedings. The chain includes: (1) a written communication from Plaintiff's criminal defense counsel to Plaintiff Jane Doe, dated December 21, 2024, in which counsel reported his firsthand professional observations made during formal review of criminal discovery materials in the parallel Chenango County criminal proceedings, including observations of physical equipment at Defendant's property directly relevant to the surveillance allegations in this civil action; and (2) a

written communication from Plaintiff Jane Doe to her criminal defense counsel, in which Plaintiff described her own contemporaneous knowledge of the surveillance threat Defendant had made to her, including the specific nature of that threat and Plaintiff's understanding of what Defendant had communicated to her regarding footage of herself and her minor children. Both communications were made in confidence within the attorney-client relationship, in the course of counsel's active representation of Plaintiff in the criminal proceedings. Together, the communication chain provides: an attorney's eyewitness professional account of the physical surveillance infrastructure at Defendant's property; and Plaintiff's own contemporaneous written account, made to counsel, of the specific threats Defendant made regarding that surveillance — constituting a near-contemporaneous record of those threats in Plaintiff's own words, written to a licensed attorney who can authenticate the exchange.

Plaintiffs do not describe the substance of either communication further in this public filing in order to preserve the applicable privileges. Plaintiffs do not tender the communications with this motion. Upon entry of an order granting in camera review, Plaintiffs will tender both documents to the Court in a form that protects the identities of non-parties and minor children referenced therein.

### III. BASIS FOR PRIVILEGE

### A. Attorney-Client Privilege

The attorney-client privilege protects confidential communications between a client and counsel made for the purpose of obtaining or providing legal advice. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). This communication was sent by Plaintiffs' criminal defense counsel to Plaintiff Jane Doe in the course of his representation of her in the Chenango County criminal proceedings. It was made in confidence and for the purpose of advising Plaintiff regarding matters arising in that representation. Plaintiff holds this privilege and has not waived it.

### B. Work Product Doctrine

The work product doctrine protects materials prepared by an attorney in anticipation of litigation or in the course of active representation. Fed. R. Civ. P. 26(b)(3); *Hickman v. Taylor*, 329 U.S. 495, 510 (1947). Counsel's written observations made during formal review of criminal discovery materials in an active criminal proceeding in which Plaintiff was represented are classic opinion work product reflecting counsel's mental impressions, conclusions, and professional judgment. *Id.* at 512. Opinion work product is accorded the highest level of protection and is "ordinarily not" subject to disclosure. *In re Grand Jury Subpoena*, 220 F.3d 406, 412 (5th Cir. 2000).

**C. No Waiver**

Plaintiffs' reference to the existence of this communication in their opposition brief and in the Declaration of Jane Doe does not constitute a waiver of privilege. The mere acknowledgment that a privileged document exists, without disclosure of its contents, does not waive the privilege. *United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011). Plaintiffs have deliberately refrained from quoting, paraphrasing, or characterizing the substance of the communication in any public filing, specifically to avoid any subject-matter waiver. In the event this Court determines that any waiver has occurred, Plaintiffs respectfully request that the Court enter an order pursuant to Fed. R. Evid. 502(d) providing that such disclosure does not constitute a waiver in this or any other federal or state proceeding, thereby protecting Plaintiffs from any broader waiver claim.

**IV. RELEVANCE TO PENDING MOTION TO DISMISS**

The communication is directly relevant to three claims at issue in Defendant's motion to dismiss:

1. **Intrusion upon seclusion (N.Y. common law):** Defendant's motion characterizes Plaintiff's surveillance allegations as conclusory. The communication Plaintiffs seek to submit for in camera review contains a licensed attorney's firsthand professional observation of physical surveillance equipment at Defendant's property, made during formal criminal discovery review. This constitutes direct eyewitness corroboration from a

professional source that the surveillance infrastructure Plaintiff describes existed and was configured in the manner she alleges. It is not conclusory. It is factual.

2. **N.Y. Civil Rights Law § 52-b (threatened dissemination of intimate surveillance footage):** Defendant's motion challenges the plausibility of Plaintiff's allegations that she received a direct personal threat to release surveillance footage from private spaces in the residence. The communication chain submitted for in camera review addresses this on two independent levels. First, counsel's eyewitness account of the physical surveillance infrastructure corroborates the feasibility of the threat and Plaintiff's reasonable belief in its credibility. Second, and equally significant, the chain includes Plaintiff's own written account, made to her attorney in the course of her representation, describing the specific nature of Defendant's threat in her own contemporaneous words. A plaintiff's own near-contemporaneous written account of a specific threat, preserved in a privileged communication to counsel, is precisely the kind of corroborating evidence whose existence the Court should be aware of before ruling on the plausibility of the claim it corroborates.

3. **Intentional Infliction of Emotional Distress:** The IIED claim encompasses Defendant's use of the surveillance threat as a coercive instrument to prevent Plaintiff from reporting his conduct and to silence her after her departure. The communication chain corroborates this element of the IIED claim by documenting: (a) that the surveillance infrastructure capable of supporting the threat existed, as confirmed by counsel's eyewitness observation; and (b) that Plaintiff contemporaneously communicated the specific nature and effect of that threat to her attorney, providing a near-contemporaneous record of the threat's impact on Plaintiff at or near the time it was made. The existence of this corroborating record strengthens the plausibility of the sustained coercive campaign alleged throughout the SAC.

Under Rule 12(b)(6), the Court must assess whether the allegations are plausible on their face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In camera review of this communication would permit the Court to make a fully informed plausibility assessment without requiring public

disclosure of privileged material. The Second Circuit has recognized the district court's inherent authority to conduct in camera review when necessary to resolve privilege disputes and assess evidentiary relevance without compromising protected communications. *In re von Bulow*, 828 F.2d 94, 100 (2d Cir. 1987).

## V. PROCEDURE REQUESTED

Plaintiffs respectfully request that the Court:

I. Enter an order granting in camera review, upon which Plaintiffs will tender the communication chain directly to the Court in a form that protects the identities of non-parties and minor children referenced in the communications, without filing it on the public docket and without disclosing it to Defendant or Defendant's counsel;

11. Review the communication privately before ruling on Defendant's Motion to Dismiss the Second Amended Complaint;

III. If the Court determines that the communication is relevant to its plausibility analysis, consider its contents in connection with the intrusion upon seclusion and N.Y. Civil Rights Law § 52-b claims, without requiring Plaintiffs to file it publicly or disclose it to opposing counsel;

IV. If the Court determines that the communication should be disclosed to Defendant, issue an order pursuant to Fed. R. Evid. 502(d) providing that any such disclosure does not constitute a subject-matter waiver extending to other attorney-client communications or work product materials; and

V. Reserve all privilege determinations pending the Court's in camera review.

In the alternative, if the Court declines to conduct in camera review at this stage, Plaintiffs respectfully request that the Court note for the record that a privileged communication corroborating the surveillance allegations exists and has been preserved, and that Plaintiffs reserve the right to seek in camera review or a Rule 502(d) order at a later stage of this proceeding.

## VI. CONCLUSION

The communication Plaintiffs seek to submit for in camera review is a licensed attorney's

firsthand professional account of physical surveillance infrastructure at Defendant's property,

made during formal criminal discovery review in parallel proceedings. It directly corroborates

the intrusion upon seclusion and § 52-b allegations in the Second Amended Complaint. Plaintiffs

have carefully preserved the applicable privileges while bringing this evidence to the Court's

attention. In camera review is the appropriate and least intrusive mechanism for the Court to

consider this material before ruling on the pending motion to dismiss. Plaintiffs respectfully

request that the Court grant this motion.

Respectfully submitted,


Dated: _____04/05_____, 2026

_____
Jane Doe, Pro Se


_____
John Doe, Pro Se


*NOTE: Plaintiffs do not tender the privileged communications with this motion. Upon entry of an order granting in camera review, Plaintiffs will tender the communication chain directly to the Court: "FOR IN CAMERA REVIEW ONLY — PRIVILEGED ATTORNEY-CLIENT COMMUNICATION CHAIN / WORK PRODUCT — Jane Doe v. Rees, Case No. 3:24-cv-00274 (MAD/ML)". The tender will be made in a form that protects the identities of non-parties and minor children referenced in the communications. The documents will not be filed on the public docket and will not be served on opposing counsel absent further order of the Court.*