Jane Doe, John Doe
200 Washington Ave, 7181
Endicott, NY 13760
janejanejohnjohndoe@proton.me

April 5th, 2026

The Honorable Mae A. D'Agostino
United States District Judge
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Room 509
Albany, NY 12207



U.S. DISTRICT COURT – N.D. OF N.Y.

FILED

**Apr 6 - 2026**

John M. Domurad, Clerk

**Re:** Jane Doe, John Doe v. Jonathan Rees aka Greg Ellis, Case No. 3:24-cv-00274 (MAD/ML)

**Letter Motion for Leave to File Overlength Opposition Brief**

Dear Judge D'Agostino:

Plaintiffs Jane Doe and John Doe, proceeding pro se, respectfully request leave pursuant to N.D.N.Y. L.R. 7.1(a)(1) to file a memorandum of law in opposition to Defendant's Motion to Dismiss the Second Amended Complaint that exceeds the 25-page limit. Plaintiffs' opposition brief is approximately 50 pages double-spaced. Plaintiffs seek leave to file up to 52 pages.

**Grounds for This Request**

Plaintiffs offer three grounds in support.

**First, the complexity of the claims and Defendant's motion.** Defendant's motion to dismiss addresses causes of action pleaded across a 900-plus paragraph Second Amended Complaint. Each cause of action requires a distinct legal and factual response. The motion also raises threshold issues of service, subject matter jurisdiction, John Doe's standing, the preclusive effect of an attached state court suppression ruling, and the legal significance of a nine-count grand jury indictment. Addressing each argument within 25 pages would require Plaintiffs to omit responses that Defendant would then treat as conceded.

**Second, the documentary record.** Plaintiffs are submitting contemporaneous documentary exhibits — including a dual-signature production office lease, real-time investor coordination emails, and a cover page listing nine docket entries from a parallel federal case in this District — each of which requires explanation to establish its legal relevance. The factual record is unusually document-intensive for a motion to dismiss response.

**Third, Plaintiffs' pro se status.** Plaintiffs appear without counsel. The Second Circuit has instructed that pro se submissions are to be read "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). Plaintiffs have endeavored to present their arguments as clearly and completely as possible. An experienced attorney presenting the same case would have been able to consolidate and focus arguments that a pro se litigant, navigating complex federal litigation without legal training, requires more space to develop.

**A Note on Defendant's Filing**

Plaintiffs note that Defendant's own memorandum of law (Doc. 103-3) totals 32 pages. Plaintiffs raise it only to note that the complexity of this case has presented page-limit challenges and that Plaintiffs are addressing those challenges by seeking leave in the manner the rules contemplate, rather than filing without leave.

Plaintiffs believe that a complete response to Defendant's motion is in the interest of the Court as well as the parties. Granting leave will permit the Court to have the benefit of Plaintiffs' full analysis of each claim before ruling.

For these reasons, Plaintiffs respectfully request that the Court grant leave to file the accompanying opposition memorandum in its current form.

Respectfully submitted,

Dated: April 5th, 2026

_____
Jane Doe, Pro Se

_____
John Doe, Pro Se


cc: Paul S. Hugel, Esq. / Effie Blassberger, Esq., Clayman Rosenberg Kirshner & Linder LLP (via email)