# UNITED STATES DISTRICT COURT

Northern District of New York

6th Judicial Division

U.S. DISTRICT COURT – N.D. OF N.Y.

**FILED**

**May 08 - 2026**

John M. Domurad, Clerk

|  |  |
|---|---|
| JANE DOE, JOHN DOE | ) |
| | ) |
| | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| -against- | ) |
| | ) |
| | ) |
| JONATHAN REES aka GREG ELLIS | ) |
| aka JOHNATHAN REES aka JONNY REES | ) |
| aka JACOB LORENZO | ) |
| | ) |
| Defendant | ) |
| | ) |

Case No. 3:24-cv-00274

**PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 15(a)(2)**

Plaintiffs Jane Doe and John Doe respectfully move this Court pursuant to Federal Rule of Civil Procedure 15(a)(2) for leave to file the attached Third Amended Complaint. A clean copy of the proposed Third Amended Complaint is attached hereto as Exhibit A. A redline version comparing the Second Amended Complaint to the proposed Third Amended Complaint is attached hereto as Exhibit B. In further support of this motion Plaintiffs submit the Declaration of Jane Doe and the Declaration of John Doe sworn under penalty of perjury pursuant to 28 U.S.C. Section 1746 and attached hereto respectively.

This motion concerns pleading sufficiency — not evidentiary weight or ultimate credibility. Plaintiffs do not ask this Court to adopt findings from other proceedings, but to recognize that

1

the existence of those proceedings is consistent with and provides additional factual context supporting Plaintiffs' allegations. Leave should be freely given when justice requires. Foman v. Davis, 371 U.S. 178, 182 (1962). None of those factors counseling denial is present here.

## I. THE FOMAN STANDARD IS SATISFIED

Under Foman v. Davis the Court should freely grant leave to amend absent undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility. 371 U.S. at 182. None of those factors applies here. The Second Circuit has emphasized that denial of leave to amend is appropriate only in limited circumstances. Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008).

No undue delay. Each category of newly discovered evidence postdates the SAC filed March 21, 2025 and could not have been included in it. Any arguable delay is excused by the timing of that evidence and Plaintiffs' ongoing pro se burdens across multiple simultaneous proceedings. Furthermore any delay in the progression of this case was largely occasioned by Defendant's own failure to respond to these proceedings for approximately 18 months during which time much of the newly discovered evidence cited herein — including the CJC determination and the Indiana findings — was first generated. Defendant cannot claim prejudice from delay that his own absence substantially caused. Pro se litigants are entitled to liberal construction and opportunities to cure technical deficiencies. Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006); Tracy v. Freshwater, 623 F.3d 90, 101 (2d Cir. 2010).

No bad faith or dilatory motive. Plaintiffs have complied with every order of this Court without counsel while managing parallel criminal proceedings, related federal litigation in another district, and the care of three children. The TAC largely reorganizes and strengthens factual allegations already present in the SAC rather than introducing wholly new theories requiring new preparation.

No prejudice. No discovery has occurred. Defendant has responded to the core factual allegations multiple times across the motion to vacate and motion to dismiss briefing. The TAC reorganizes and strengthens existing allegations and corrects identified pleading deficiencies rather than introducing wholly new theories requiring new preparation. Defendant faces no prejudice he would not face when discovery begins regardless.

No futility. This Court already held that amendment would not be futile as to Plaintiffs' surviving claims. ECF No. 55 at 12. Having already determined that amendment would not be futile, the addition of further corroborative factual detail and newly discovered post-SAC evidence does not change that conclusion. Amendment is futile only if the proposed complaint could not withstand a Rule 12(b)(6) motion. The additional factual allegations and newly available materials provide additional factual context that, when accepted as true, supports plausibility at the pleading stage. The TAC also provides cleaner element mapping and properly designated standalone counts rendering the pleading more compliant with Rule 8. To the extent any dispute exists regarding Plaintiff's status as employee versus independent contractor under the FLSA or NYLL the TAC properly pleads these theories in the alternative as expressly permitted under Federal Rule of Civil Procedure 8(d)(2). A claim is not futile merely because an alternative theory is contested — both theories are plausible on their face and each independently survives the Rule 12(b)(6) standard.

## II. NEWLY DISCOVERED EVIDENCE JUSTIFIES AMENDMENT

These materials do not alter the legal standard but provide additional factual context that taken together with the allegations in the TAC support the plausibility of each claim. Plaintiffs do not rely on these materials for the truth of the matters asserted but as judicially noticeable context supporting plausibility when considered alongside the pleaded facts.

### A. CJC Removal Determination — February 17, 2026

On February 17, 2026 the New York State Commission on Judicial Conduct removed Justice

Jordon R. Lilley from the bench following an investigation that resulted in findings based in part on documentary evidence that he engaged in extensive ex parte communications with Defendant while Plaintiff's criminal case was pending, forwarded Plaintiff's private court filings and public defender application to Defendant, testified falsely under oath denying those contacts, and deleted over 500 judicial emails after being ordered to preserve them. The existence of this determination is judicially noticeable under Fed. R. Evid. 201(b)(2) and has been filed with this Court at ECF No. 108-16 as part of Plaintiffs' opposition to Defendant's motion to dismiss at ECF No. 108 and is incorporated herein by reference. The existence of this determination is judicially noticeable as to its existence and supports plausibility when considered alongside the pleaded facts in the TAC including the malicious prosecution, abuse of process, defamation per se, and IIED claims.

### B. Indiana Federal Court Findings — March 18, 2026

On March 18, 2026 the Honorable Damon R. Leichty of the United States District Court for the Northern District of Indiana issued findings following an evidentiary hearing at which Defendant testified under oath and was subject to cross-examination. Doe v. Rees, No. 3:25-cv-00133-DRL-SJF (N.D. Ind. Mar. 18, 2026). The existence of this ruling is judicially noticeable under Fed. R. Evid. 201(b)(2) and is not offered for the truth of the matters asserted or for any preclusive effect. While not binding on this Court the existence of such findings provides additional context consistent with Plaintiffs' allegations regarding Defendant's conduct across all claims in the TAC.

### C. Aaron Dean Email — December 21, 2024

On December 21, 2024 criminal defense counsel Aaron Dean Esq. confirmed in writing that he personally observed during formal criminal discovery review a bank of monitors at Defendant's property displaying camera feeds labeled bedroom and bathroom. The disclosure of Aaron Dean's observations in communications reflects counsel's personal observations during discovery review rather than legal advice or litigation strategy. This written confirmation from a licensed attorney reviewing criminal discovery materials is consistent with Plaintiffs' factual allegations

4

and provides additional factual support for the Section 52-b claim, the intrusion upon seclusion claim, the public disclosure of private facts claim, and the IIED claim as pled in the TAC.

**D. Smithville OOP Vacatur**

The Honorable Frank B. Revoir Jr. of Chenango County Court vacated the Smithville Order of Protection as void after finding it was issued without jurisdiction by a justice who has since been removed from the bench. That vacatur is consistent with Plaintiffs' allegations and provides additional context relevant to the favorable termination element of the malicious prosecution claim and the use of process element of the abuse of process claim. Under Smith-Hunter v. Harvey a termination is favorable when it is not inconsistent with the innocence of the accused — a standard the OOP vacatur independently satisfies given that it was obtained through a court that had lost jurisdiction presided over by a justice since removed from the bench for ex parte communications with Defendant. Smith-Hunter v. Harvey, 95 N.Y.2d 191 (2001); Curiano v. Suozzi, 63 N.Y.2d 113 (1984).

**E. April 13, 2026 Hearing Before the Honorable Frank B. Revoir Jr.**

On April 13, 2026 a hearing took place before the Honorable Frank B. Revoir Jr. in Chenango County Court at which three significant developments occurred that postdate the SAC and are incorporated in the TAC. **First**, the prosecution's own grand jury witness Sergeant Warner retreated under cross-examination from his prior direct attribution of statements to Jane Doe to characterizing them as in sum and substance only — directly undermining the grand jury presentation. **Second**, Sergeant O'Hara confirmed that no warrant was obtained for the search of the property on August 8, 2023 and that no exception applies. **Third**, Sergeant Davy — the prosecution's own investigating officer — testified that he found no evidentiary support for Defendant's account of events at the barn. None of these developments could have been included in the SAC filed March 21, 2025. Each is incorporated in the TAC as additional factual context supporting the malicious prosecution probable cause and malice elements.

5

**F. Judge Revoir's Decision and Order Denying Defendant's Omnibus Motion — May 2026**

On or about May 5, 2026 Plaintiffs received the Decision and Order of the Honorable Frank B. Revoir Jr. of Chenango County Court in People v. Rees Indictment No. 10260-24 denying Defendant's omnibus motion to dismiss the nine count indictment. The existence of this decision is judicially noticeable under Fed. R. Evid. 201(b)(2) and is not offered for the truth of the matters asserted, but as additional factual context consistent with Plaintiffs' factual allegations and corroborating the plausibility of multiple claims in the proposed Third Amended Complaint. Judge Revoir found as a matter of undisputed fact that Defendant submitted altered documents to Chenango County Family Court as part of his Family Offense Petition to obtain a temporary order of protection against a prior relationship partner — finding that it is undisputed that Defendant's Exhibit 4 to that Petition contained an altered version of the parties' email exchange and that the meaning of what was being portrayed changed between the altered and unaltered versions. Judge Revoir upheld Count One — Offering a False Instrument for Filing — finding legally sufficient evidence that Defendant filed a written instrument he knew contained false information with intent to defraud the court to receive an order of protection. Judge Revoir upheld Count Two — Perjury in the Third Degree — finding legally sufficient evidence that Defendant swore falsely in the Family Offense Petition and that courts must be able to rely upon the submissions of parties and that to allow parties to submit false exhibits with impunity would negate the reason to have anyone swear under oath to the truth of that which is stated. Judge Revoir upheld Count Three — Making a Punishable False Written Statement — finding legally sufficient evidence that Defendant went to the Norwich New York State Police barracks filed a complaint against the complainant gave a three page supporting deposition and that the State Police Investigator who attempted to corroborate Defendant's allegations was only able to reach one of Defendant's four proposed character witnesses and that person did not substantiate any allegations made by Defendant in his deposition. Judge Revoir upheld Count Four — Unlawful Surveillance in the Second Degree — finding legally sufficient evidence that Defendant used an electronic webcam to surreptitiously record the complainant without her consent at a time when

6

she had a reasonable expectation of privacy. Judge Revoir upheld Count Eight — Aggravated Harassment in the Second Degree — finding legally sufficient evidence that Defendant communicated through electronic means a threat to ruin the reputation of the complainant harming her business. Judge Revoir upheld Count Nine — Unlawful Dissemination of Intimate Image — finding legally sufficient evidence that Defendant disseminated an intimate image to a third party with intent to harm the complainant's emotional, financial or physical welfare without her consent. Counts Five, Six and Seven — Coercion in the Third Degree — were reduced to Attempted Coercion in the Third Degree on the finding that while the evidence established Defendant threatened to post documents, images. audio and videos, including an intimate image to subject the complainant to hatred, contempt or ridicule and to ruin her reputation harming her business the evidence as presented did not satisfy the completed coercion elements under People v. McClendon 199 AD3d 1233 (3d dept 2021).

Each of these findings reflects the identical methodology Defendant is alleged to have deployed against Plaintiffs — altered documents submitted to courts, fabricated complaints to law enforcement, surveillance of intimate spaces, coercive threats to release private materials to professional and personal contacts and public dissemination of private materials to cause reputational and financial harm. The Decision and Order is attached hereto as Exhibit C.

## III. THE TAC CORRECTS IDENTIFIED DEFICIENCIES AND ADVANCES THE MERITS

This Court identified specific pleading deficiencies in its March 17, 2025 order. The TAC directly addresses each of them. Counts 7 and 8 were brought under criminal statutes carrying no private right of action. The TAC repleds those counts under appropriate civil causes of action supported by the underlying factual allegations. Courts routinely grant leave where deficiencies are curable through repleading. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

The TAC formally incorporates and clarifies allegations previously referenced in Plaintiffs' filings ensuring all claims are properly pleaded within the operative complaint and fully compliant with Rule 8. Each cause of action now designated as a standalone count is grounded in factual allegations already present in the SAC and consistent with the pleading as a whole. Courts in this district have recognized that additional factual detail provided in opposition briefing may be considered where consistent with the operative pleading. Morgan v. Luft, No. 9:15-CV-0024, 2016 WL 1118452, at *3 (N.D.N.Y. Mar. 22, 2016) (Suddaby C.J.).

The TAC further aligns specific allegations with the required elements of each claim including favorable termination and lack of probable cause for malicious prosecution, use of process for a collateral objective for abuse of process, publication and fault for defamation, and intentional and highly offensive intrusion for the privacy claims. These clarifications allow each cause of action to be evaluated on its merits rather than on pleading form. That is precisely what this correction is designed to achieve and precisely what Rule 15 exists to permit. Because these deficiencies are curable and have now been cured, denial of leave would be inconsistent with Rule 15's liberal amendment standard.

John Doe's signature is included in the TAC curing the Rule 11(a) deficiency Defendant raised in his motion to dismiss which the TAC now resolves.

The Fourteenth Cause of Action under the Fair Labor Standards Act does not introduce new factual allegations, but applies the correct federal statutory framework to facts already pled in the SAC including the uncompensated sixteen-hour days six to seven days per week over nine months, Defendant's operational control over Plaintiff's work schedule and activities, and the EP Budget documenting the professional compensation rates Defendant himself established. The underlying facts supporting this claim were before the Court in the SAC. The TAC provides the appropriate statutory vehicle for those facts.

8

## IV. JUDICIAL ECONOMY AND INTERESTS OF JUSTICE

Granting leave to amend at this stage serves the dual interests of judicial economy and fundamental fairness. As the Supreme Court held in Foman v. Davis the spirit of the Federal Rules is to ensure that decisions on the merits are not avoided on the basis of mere technicalities. 371 U.S. 178, 181 (1962).

The interests of justice are uniquely served here because the 18-month delay in these proceedings was occasioned by Defendant's own non-responsiveness and concealment. It would be a perverse result to penalize Plaintiffs for a timeline created by Defendant especially when that time allowed for the surfacing of critical judicially noticeable evidence — including the CJC removal determination and Indiana federal findings — that speaks directly to the plausibility of the claims.

Judicial economy is further promoted by resolving these pleading issues in a single comprehensive ruling. Rather than litigating a motion to dismiss against a Second Amended Complaint this Court can address the refined factually robust TAC mooting the current MTD and moving this case toward resolution on the merits. Defendant previously sought resolution on the merits and allowing amendment would facilitate that process without prejudice to either party. New Hampshire v. Maine, 532 U.S. 742, 749 (2001); Intellivision v. Microsoft Corp., 484 F. App'x 616, 619 (2d Cir. 2012).

The existence of independent proceedings and materials consistent with Plaintiffs' allegations provides additional factual context supporting plausibility at the pleading stage — including a nine-count grand jury indictment, a federal court ruling after live cross-examination, a state constitutional agency's removal determination, and professional eyewitness confirmation of the surveillance infrastructure. At minimum the proposed amendments present factual issues more appropriately addressed beyond the pleading stage.

9

**CONCLUSION**

For the foregoing reasons Plaintiffs respectfully request that the Court grant leave to file the Third Amended Complaint attached hereto as Exhibit A. Should the Court identify any remaining deficiency in any claim Plaintiffs respectfully request leave to cure that deficiency through a further amendment rather than dismissal with prejudice. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

Respectfully submitted,

Dated: May 7, 2026

_Jane Doe_
_____
Jane Doe, Pro Se

_J. Doe_
_____
John Doe, Pro Se