UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JANE DOE, JOHN DOE,

Plaintiffs,

– against –

JONATHAN REES, aka GREG ELLIS aka JOHNATHAN REES aka JACOB LORENZO

Defendant.

Case No. 3:24-cv-274 (MAD/ML)

**DEFENDANT JONATHAN REES' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

Paul S. Hugel
EffieBlassberger
Lauren Martin
Of counsel

Clayman Rosenberg
Kirshner & Linder LLP
Counsel for Defendant

60 East 42nd St. 39th Fl
New York, New York 10165
(212) 922-1080

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................1

PROCEDURAL HISTORY........................................................................................1

ARGUMENT ........................................................................................5

I. PLAINTIFFS' MOTION FOR LEAVE TO AMEND SHOULD BE DENIED BECAUSE IT VIOLATES FEDERAL RULE OF CIVIL PROCEDURE 8(A), AND LOCAL RULES 7.1(A) AND (B) AND 15.1. ........................................................................................5

II. THE COURT SHOULD EXERCISE ITS DISCRETION UNDER FEDERAL RULE OF CIVIL PROCEDURE 15(A)(2) TO DENY PLAINTIFFS' MOTION. ........................................................................................8

CONCLUSION........................................................................................12

## TABLE OF AUTHORITIES

**Cases**

*Doe v. Rees*,
23-cv-1352 (ECC) (ML) (N.D.N.Y. 2023) ....................7

*Foman v. Davis*,
371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962) ....................8

*Klos v. Haskell*,
835 F. Supp. 710, 715 n.3 (W.D.N.Y. 1993),
*aff'd,* 48 F.3d 81 (2d Cir. 1995) ....................10

*Kuntz v. N.Y. State Bd. of Elections*,
924 F. Supp. 364 (N.D.N.Y. 1996)....................10, 11

*Jeanty v. Sciortino*,
669 F. Supp. 3d 96 (N.D.N.Y. 2023)....................6

*McHenry v. Bell*,
2015 U.S. Dist. LEXIS 63796 (N.D.N.Y. May 15, 2015) ....................10

*Palm Beach Strategic Income, LP v. Salzman*,
457 F. App'x 40 (2d Cir. 2012) ....................11

*Reddy v. Catone*,
13-CV-707 MAD/ATB,
2014 U.S. Dist. LEXIS 79622 (N.D.N.Y. June 11, 2014)....................6

*Ruotolo v. City of New York*,
514 F.3d 184 (2d Cir. 2008) ....................9

*Salahuddin v. Cuomo*,
861 F.2d 40 (2d Cir. 1988) ....................5, 9

*Sauve v. Sauve*,
No. 25-CV-2816 (PJS/LIB) (D. Minn. Sept. 18, 2025)....................8

*Self v. Lavalley*,
No. 9:10-CV-1463 (GTS/TWD),
2012 U.S. Dist. LEXIS 187283 (N.D.N.Y. Dec. 27, 2012) ....................7

*Udoh v. N.Y.C. Dep't of Prob.*,
No. 24-cv-03982 (ER),
2026 U.S. Dist. LEXIS 52394 (S.D.N.Y. Mar. 13, 2026)....................6

*VTech Holdings Ltd. V. Pricewaterhousecoopers,* LLP,
No. 03-CV-1419,
2003 U.S. Dist. LEXIS 13005 (S.D.N.Y. July 30, 2003)........................................................6

*Waheed v. Park*,
No. 24-CV-9787 (LTS),
2025 U.S. Dist. LEXIS 124447 (S.D.N.Y. July 1, 2025)........................................................8

*White v. Marinelli,*
No. 9:17-CV-1094 (LEK/ATB), 2019 U.S. Dist. LEXIS 37462
(N.D.N.Y. Mar. 8, 2019) ...........................................................................................................6

*Wilson v. McKenna*,
No. 3:12-cv-1581 (VLB),
2015 U.S. Dist. LEXIS 41357 (D. Conn. Mar. 31, 2015)......................................................10

*Wright v. Mitsubishi HC Capital Am.*,
No. 1:23-cv-696 (ECC/DJS),
2025 U.S. Dist. LEXIS 93575 (N.D.N.Y. May 16, 2025) ......................................................7

**<u>Statutes and Rules</u>**

Fed. R. Civ. Proc. 8 ..........................................................................................................1, 5, 6

Fed. R. Civ. Proc. 15 ..........................................................................................................1, 8

N.D.N.Y. L.R. 7.1 ..........................................................................................................1, 4, 7

N.D.N.Y. L.R. 15.1 ..........................................................................................1, 4, 6, 9, 10, 11

New York Labor Law § 190..........................................................................................................4

New York Labor Law § 198..........................................................................................................4

New York Labor Law § 215..........................................................................................................4

**<u>Treatises</u>**

5 C. Wright & A. Miller, Fed. Prac. & Proc. § 1281 (1969)........................................................5

## PRELIMINARY STATEMENT

Defendant Jonathan Rees opposes Plaintiffs' motion for leave to file the proposed Third Amended Complaint, their fourth complaint in this action. Plaintiffs' proposed 321-paragraph Third Amended Complaint does not comply with Fed. R. Civ. P. 8(a)(2) and their motion seeking leave to file this amended pleading contravenes this District's Local Rules 7.1(a), 7.1(b) and 15.1(a) in multiple respects. While denial of the motion on these grounds alone would be proper, the Court should also exercise its discretion under Federal Rule of Civil Procedure 15(a)(2) to deny the motion because: a) Plaintiffs have repeatedly failed to cure deficiencies by amendments previously allowed b) the motion, which seeks to add ten new causes of action — all of which allegedly arose before the currently-operative Second Amended Complaint was originally filed — would unduly delay the resolution of this action, and c) the proposed amended pleading is inconsistent with the District Court Judge's prior order and individual rules.

## PROCEDURAL HISTORY

Plaintiff Jane Doe commenced this action in February 2024 alleging claims on behalf of herself and her three children. The original complaint asserted claims for "Emotional Distress, Privacy, and Dignitary Torts: Appropriation of name or likeness, Intrusion upon seclusion, False light, Public disclosure of private facts, grooming of Plaintiff, child abuse, child endangerment, cyberstalking and ongoing abuse, bullying and harassment." *See* ECF No. 1.

In March 2024, Plaintiffs filed an Amended Complaint. The Amended Complaint was 305 paragraphs long and asserted 32 causes of actions, among them more than a dozen claims alleging violations of criminal statutes; three claims alleging "child maltreatment;" four claims for intentional infliction of emotional distress, two claims under the New York City Administrative Code; four state-law civil rights claims; two claims for tortious interference with business; two

claims alleging gender-motivated violence; one claim alleging forced labor under federal law; and allegations of forgery and identity theft.

On May 13, 2024, Plaintiffs moved for a default judgment. On May 29, 2024, the Magistrate Judge issued an Order finding that Plaintiff "is not able to bring claims *pro se* on behalf [of her minor children] because a nonlawyer parent ordinarily cannot represent a child['s] interests *pro se*." ECF No. 26. That order directed plaintiff's children to appear by counsel by June 10, 2024 if they wished to pursue this action (including the pending default motion). Plaintiff Jane Doe unsuccessfully sought reconsideration of that order and then appealed that order to the District Court Judge. The District Court denied her appeal on June 25, 2024. ECF No. 32.

Plaintiff Jane Doe requested and received four extensions of the Magistrate Judge's order requiring her children to appear by counsel. ECF Nos. 31, 33, 38, 40. In November 2024, Jane Doe informed the court that she was unable to find counsel for her two minor children and that her eldest son, who recently turned 18, would appear *pro se*. In December 2024, the Court dismissed the two minors from the action and allowed the default motion by Jane Doe and John Doe to go forward.

On March 17, 2025, the District Court Judge denied Plaintiffs' motion for a default judgment and dismissed the Amended Complaint. ECF No. 55. The Court found that the Amended Complaint did not allege any basis for the Court to exercise subject matter jurisdiction as none of the federal claims were viable and there was no factual basis alleged for the exercise of diversity jurisdiction. After finding all of the federal claims alleged in the complaint deficient, it declined to exercise supplemental jurisdiction over the state law claims.

Although the District Court dismissed the Amended Complaint in its entirety, it observed that a pro se plaintiffs' claims "should not be dismissed without granting leave to amend at least

once" except when the problem with the plaintiff's complaint is substantive such that better pleading will not cure it." ECF No. 55 at 2. The Court noted that Plaintiffs had already amended their complaint once as of right and that "Court [had] guided Plaintiffs with regard to the claims improperly brought on behalf of minor parties, gave Plaintiffs the opportunity to obtain counsel, and permitted John Doe, II to appear *pro se* on his own behalf when he reached the age of eighteen nearly a year after this action was commenced." *Id.* at 12. The Court found that 17 of the 32 claims alleged in the Amended Complaint "cannot be cured by better pleading" and dismissed those claims with prejudice. *Id.* It dismissed without prejudice the remaining 15 claims (alleging intentional infliction of emotional distress, state-law gender discrimination and civil rights claims, tortious interference with contract, forgery and identity theft) but granted Plaintiffs an opportunity to "augment" these particular claims in an amended pleading. *Id*. at 15-16. The Court also directed plaintiffs to assert facts in an amended pleading that would establish a basis for the Court to exercise subject matter jurisdiction over the claims. *Id*.

On March 21, 2025, Plaintiffs filed a Second Amended Complaint ("SAC"). ECF No. 56. As directed by the District Court's March 17, 2025 Order, the SAC alleged only those claims that the Court had granted plaintiffs leave to replead. On May 13, 2025, Plaintiffs moved for a default judgment on the SAC. ECF No. 71. Defendant opposed the motion and cross-moved to vacate his default.

On March 9, 2026, the District Court Judge denied Plaintiffs' motion for a default judgment and granted Defendant's motion to vacate the default. ECF No. 97.The Court found that Defendant had not been validly served with the SAC. It also found that, independent of the service issues, there was good cause to vacate the default, based primarily upon the District Court's finding that

there were meritorious arguments warranting dismissal of all of the claims asserted in the SAC. *Id.* at 11.

On March 30, 2026, after accepting service of the SAC by email, Defendant moved to dismiss the SAC. ECF No. 103-1.Defendant's pending motion argues that the SAC fails to allege facts establishing a basis for the exercise of subject matter jurisdiction, that John Doe was not properly a plaintiff as he had not signed the SAC, and that each of the claims asserted in the SAC is deficient on its face. On April 6, 2026, Plaintiffs filed an opposition to the motion consisting of a brief over twice the permissible length accompanied by several hundred pages of exhibits. ECF No. 108.Defendant filed a reply to the opposition on April 27, 2026, and the motion is currently *sub judice.* ECF No. 115.

On May 8, 2026, while Defendant's motion was *sub judice* Plaintiffs filed the instant motion for leave to file a Third Amended Complaint ("TAC"). ECF No. 117. Plaintiffs filed the motion without any prior discussion with Defendant's counsel and without a notice of motion. The proposed TAC consists of 321 paragraphs containing a mix of disjointed factual allegations and what appear to be AI-generated legal arguments. ECF No. 117-1.[1] It incorporates by reference over a dozen documents previously filed by Plaintiffs in this action as well as document filed in other unrelated actions. *Id.* ¶ *8.* It retains six of the eight claims asserted in the SAC, and adds new claims for fraud, fraudulent inducement, unjust enrichment, defamation, intrusion upon seclusion, disclosure of private facts, and violations of New York Labor Law §§ 190, 198 and 215. Although the proposed TAC is 51 pages longer than the SAC, the redline submitted by Plaintiffs purporting

[1] The TAC is 88 pages long and is not double spaced as required by L. Rule 10.1 Had it been formatted in conformity with the Local Rules it would be approximately 112 pages long.

to identify the additions and deletions is only 13 pages long and does not specifically identify the proposed insertions and deletions of language in the proposed TAC. ECF No. 117-2.

## ARGUMENT

### I. PLAINTIFFS' MOTION FOR LEAVE TO AMEND SHOULD BE DENIED BECAUSE IT VIOLATES FEDERAL RULE OF CIVIL PROCEDURE 8(A), AND LOCAL RULES 7.1(A) AND (B) AND 15.1.

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Salahuddin v. Cuomo*, 861 F.2d 40, 41-42 (2d Cir. 1988). "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial. *Salahuddin*, 861 F.2d at 42. The statement should be short because "[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 365 (1969)).

When a complaint does not comply with the requirement that it be short and plain, the Court has the power, on its own or in response to a motion, to dismiss the complaint or strike any portions which it deems redundant or immaterial. *Salahuddin*, 861 F.2d at 42. Dismissal is appropriate where "the complaint is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Id*. (affirming dismissal of a prolix complaint which spanned 15 single-spaced pages with explicit descriptions of approximately 20 defendants). In the present matter, plaintiff's proposed amended complaint spans 321 paragraphs and would be 112 pages long had it been double spaced. The proposed TAC contains numerous gratuitous allegations. *See e.g.* Prop. TAC . ¶¶71-81 (detailing Defendant's encounters with various public

officials in Chenango County and surrounding areas—including police officers, judges, and assistant district attorneys—in the course of their professional duties and obligations). It also contains extensive legal argument. *See e.g.* Proposed TAC ¶¶ 275-287 (setting forth legal arguments as to why the criminal charges against Jane Doe for appearing at Defendant's home with a rifle and shooting at him, which form the basis for her malicious prosecution claim, should be treated as having been terminated in her favor despite the fact that she has been indicted and is currently being prosecuted on those charges). In sum, plaintiffs' proposed TAC is anything but short and plain. The allegations are not simple, concise or direct, as required by Rule 8(a)(2). Dismissal is warranted because the task of filtering through plaintiff's prolix complaint to sort out the relevant material that requires a response "would be enormously wasteful of resources upon which other litigants have an equal call." *VTech Holdings Ltd. V. Pricewaterhousecoopers, LLP*, No. 03-CV-1419, 2003 U.S. Dist. LEXIS 13005, at *4 (S.D.N.Y. July 30, 2003); *see Reddy v. Catone*, 13-CV-707 MAD/ATB, 2014 U.S. Dist. LEXIS 79622, at *6 (N.D.N.Y. June 11, 2014) (dismissing 400 paragraph complaint under Rule 8(a)(2) and stating "Court declines to undertake the exercise of striking each of the redundant and/or immaterial allegations."); *White v. Marinelli, No.* 9:17-CV-1094 (LEK/ATB), 2019 U.S. Dist. LEXIS 37462, at *24 (N.D.N.Y. Mar. 8, 2019) (denying motion for leave to amend complaint and holding that 308 paragraph complaint proposed amended complaint violated Rule 8(a)(2)).

In addition to violating Rule 8(a)(2), the proposed TAC also violates this District's Local Rule 15.1(a). The rule, which governs amended and supplemental pleadings, states in relevant part, "[t]he proposed amended pleading must be a complete pleading, which will supersede the pleading sought to be amended in all respects. A party shall not incorporate any portion of its prior pleading or exhibits thereto into the proposed amended pleading by reference." *Id.;* See *Jeanty v. Sciortino*,

669 F. Supp. 3d 96, 118 (N.D.N.Y. 2023) (stating that amended complaint can "not rely upon or incorporate by reference any pleading or document previously filed with the Court"). In flagrant violation of this rule, the proposed TAC "incorporate[s] by reference all exhibits previously filed with this Court" and specifically identifies over dozen exhibits previously filed by Plaintiffs plus several documents filed in other cases as being incorporated. Proposed TAC ¶ 8. "Failure to comply with this [Local Rule 15.1(a)] is a ground for denying a motion to amend." *Self v. Lavalley*, No. 9:10-CV-1463 (GTS/TWD), 2012 U.S. Dist. LEXIS 187283, at *38 (N.D.N.Y. Dec. 27, 2012); *Wright v. Mitsubishi HC Capital Am.*, No. 1:23-cv-696 (ECC/DJS), 2025 U.S. Dist. LEXIS 93575, at *3-4 (N.D.N.Y. May 16, 2025) (denying motion to amend for failure to abide by local and federal rules where the proposed amended complaint did not contain clear and concise factual allegations, consisted largely of legal argument and incorporated prior pleadings).

In addition to the proposed TAC being substantively improper, the manner in which the Plaintiffs have brought their motion for leave to file the proposed TAC violates at least three of this Court's local rules. Local Rule 7.1(a)(2) states that "[p]rior to making any non-dispositive motion before the assigned Magistrate Judge, the parties must make a good faith effort among themselves to resolve or reduce differences relating to the non-dispositive issue." Plaintiffs made no such attempt to discuss the filing of an amended pleading prior to filing their motion. Rule 7.1(b) states in relevant part that "all motions require a Notice of Motion." Plaintiffs have filed no notice of motion in connection with their request to file the proposed TAC. Local Rule 15.1(a) states that a motion for leave to file an amended pleading "must set forth *specifically the proposed insertions and deletions of language* and identify the amendments in the proposed pleading, either through the submission of a redline/strikeout version of the pleading sought to be amended or through other equivalent means," *id.* (emphasis added). Plaintiffs' motion papers contain no such

information. Instead, it contains a 13 page, largely incomprehensible "redline" that purports to summarize over 50 pages of newly pleaded allegations ECF No. 117-2, accompanied by a false and misleading statement in the memorandum of law that "[t]he TAC largely reorganizes and strengthens factual allegations already present in the SAC rather than introducing wholly new theories requiring new preparation." ECF No. 117 at 2.

Plaintiffs' motion to file a proposed TAC is substantively deficient and procedurally defective. It should be denied on these grounds alone. *Wright*, 2025 U.S. Dist. LEXIS 93575, at *3-4 (denying motion for leave to file amended complaint which consisted largely of legal arguments).

## II. THE COURT SHOULD EXERCISE ITS DISCRETION UNDER FEDERAL RULE OF CIVIL PROCEDURE 15(A)(2) TO DENY PLAINTIFFS' MOTION.

Federal Rule of Civil Procedure 15(a) states that a court should freely give leave to amend a complaint "when justice so requires." The Supreme Court has interpreted this to mean that leave should be freely given, so long there has been no "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). At least two of these factors exist here. Plaintiffs have repeatedly failed to cure defects by amendments that the court has previously allowed, and they have unduly delayed asserting the claims contained in the proposed TAC.

District courts generally grant a pro se plaintiff leave to amend a complaint to cure its defects, "but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies." *Waheed v. Park*, No. 24-CV-9787

(LTS), 2025 U.S. Dist. LEXIS 124447, at *8 (S.D.N.Y. July 1, 2025) *citing, Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) and *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Plaintiffs here amended their complaint once as of right. After their first amended complaint was dismissed by the Court, Plaintiffs were granted leave to file a second amended complaint to allow them to augment the claims in the first amended complaint that the Court found might be viably repleaded and to assert a factual basis for the court's exercise of subject matter jurisdiction. Plaintiffs have been given ample opportunity to cure the defects in their complaint and Defendant's motion asserting that they have failed to do so is presently before the District Court. Under these circumstances, Rule 15(a)(2) does not require the Court to freely give Plaintiffs leave to amended their complaint for a third time.

In addition, the fact that Plaintiffs waited to file their motion for leave to amend until after Defendant's motion to dismiss the SAC was fully briefed and submitted to the Court weighs against granting the motion to amend. Defendant moved to dismiss the SAC on March 30, 2026. Seven days later, Plaintiffs filed papers opposing the motion and did not cross-move for leave to amend the SAC. A month later, after Defendant had replied to Plaintiff's opposition and the motion to dismiss the SAC was before the District Court for a ruling, Plaintiffs asked for permission to further amend the SAC. The proposed TAC contained allegations regarding events that occurred prior to the filing of the SAC (indeed prior to the commencement of this action almost two years ago) and raises 10 new claims. Plaintiffs offer no explanation as to why they could not have asserted these allegations and raised these claims in the SAC, or why they did not cross-move for leave to assert them in opposing Defendant's motion to dismiss the SAC. Granting Plaintiffs' motion would require Defendant to expend significant additional resources to move to dismiss the

TAC and will significantly delay the resolution of this action.[2] This constitutes "undue prejudice" for purposes of Rule 15. *McHenry v. Bell*, 2015 U.S. Dist. LEXIS 63796, at *31-32 (N.D.N.Y. May 15, 2015) (denying motion for leave to file second amended complaint).

Finally, Plaintiffs' proposed TAC far exceeds the scope of the District Court's permission to amend. When the District Court dismissed the Amended Complaint on March 17, 2025, it dismissed the majority of the Plaintiffs' claims with prejudice, finding that they were hopelessly deficient and that any attempt to address the defects in them by amendment would be futile. ECF No. 55 at 15-16. It granted leave for plaintiffs to "augment the balance of their claims, as well as their jurisdictional allegations, because amendment of such allegations would not be futile."

Where, as here, a Court grants a plaintiff leave to replead specified claims in a wholly deficient complaint, it does not give the plaintiff carte blanche to raise new claims in an amended pleading. Even under ordinary circumstances, when evaluating a motion for leave to amended, "[t]here is an underlying assumption that an amended complaint will clarify or amplify the original cause of action, not add new causes of action." *Wilson v. McKenna*, No. 3:12-cv-1581 (VLB), 2015 U.S. Dist. LEXIS 41357, at *37 (D. Conn. Mar. 31, 2015) *citing Klos v. Haskell*, 835 F. Supp. 710, 715 n.3 (W.D.N.Y. 1993), *aff'd,* 48 F.3d 81 (2d Cir. 1995). ("An amended pleading is one which clarifies or amplifies a cause of action which can be identified with certainty as the

[2] In their motion papers, Plaintiffs contend that the 18 month delay already incurred in these proceedings was occasioned by Defendant. ECF No. 117 at 9. However, Judge D'Agostino expressly rejected that same contention when Plaintiffs raised it in connection their motion for a default judgment. Judge D'Agostino stated that "[t]he flaws in the amended complaint and first motion for default judgment caused significant delays, *none of which are attributable to Defendant*." ECF No. 97 at 14." She also noted that " Indeed, in addition to the successive motions for default judgment, the Court has had to rule on multiple non-dispositive matters, such as Jane Doe's motion for reconsideration and appeal of Magistrate Judge Lovric's order precluding her from improperly representing her children *pro se*. *See* ECF Nos. 26, 27, 28, 29, 32. Jane Doe also requested four extensions of time to find counsel to represent her children, causing many months of delay. *See* ECF Nos. 30, 33, 37, 39."

same cause of action originally pleaded or attempted to be pleaded, and it is a perfection of an original pleading rather than the establishment of a new cause of action.”). Where, as here, a court has identified claims in a deficient complaint that can be repleaded, a plaintiff is not free to add new claims to their amended complaint. *Kuntz v. N.Y. State Bd. of Elections*, 924 F. Supp. 364, 367 (N.D.N.Y. 1996). The District Court’s order dismissing the Amended Complaint permitted plaintiffs to file an amended complaint to replead specified claims, not to supplement a deficient complaint with new causes of action. “District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted.” *Palm Beach Strategic Income, LP v. Salzman*, 457 F. App’x 40, 43 (2d Cir. 2012) (collecting cases).

Granting Plaintiffs’ motion for leave to file their proposed TAC would allow them to amend their previously dismissed complaint in a manner neither contemplated nor permitted by Judge D’Agostino’s March 17, 2025 order.[3]

Plaintiffs have been given multiple opportunities to amend their complaint. Granting their motion would result in undue delay, unfairly prejudice Defendant and significantly delay the resolution of this action. Their proposed TAC far exceeds the scope of the Court’s permission to amend. Each of these facts individually provides a good cause for the Court to exercise its discretion to deny leave to amend under Rule 15(a).

---

[3] Judge D’Agostino’s individual rules state that where, as here, a party has not cross-moved to amend their complaint when faced with a motion to dismiss, the motion to dismiss, if granted, will be granted with prejudice (i.e. no further amendment will be permitted). D’Agostino Chambers Rules at 2. Granting Plaintiffs’ motion would undermine this rule.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion for leave to amend the SAC and file the proposed TAC.

Dated: New York, New York
May 29, 2026

CLAYMAN ROSENBERG
KIRSHNER & LINDER LLP
Attorneys for Defendant

By: ______________________

Paul S. Hugel
Effie Blassberger
Lauren Martin
60 East 42nd Street, Suite 3900
New York, New York 10165
(212) 922-1080
hugel@clayro.com
blassberger@clayro.com
martin@clayro.com